1838.

COWDIN
*v.*
CRAM.

---

## COWDIN *v.* CRAM.

A., for a nominal consideration, agreed to sell B. a half part in a patent right, with a moiety of the profits. A writ of *ne exeat* had been granted against B. upon the bill of A., who alleged, upon information and belief, that B. had made certain sales and received moneys to a certain amount. The writ was discharged, as the case was not for a specific performance involving a moneyed demand.

On motion to discharge a writ of *ne exeat*, it is open to the defendant, by affidavit, to deny the allegations on which it was granted.

---

MOTION to discharge a writ of *ne exeat respublica*. The bill was filed for an account of profits and sales of a patent right, of which the defendant had sold one half to the complainant. It set forth an agreement between the parties, whereby, in consideration of one dollar, and in consideration that the complainant would take out the patent and pay the fees therefor, the defendant assigned unto the complainant one half of the said patent, together with one half of all the profits that might be realized on sales. The bill, on information and belief, charged that the defendant had made divers sales of the right to use the patent to different rail road companies, (enumerating them and the amounts of the different sales) and received the several considerations. The complainant made out that these sales amounted to twenty-four thousand nine hundred and fifty dollars; and averred that the defendant was

*August 6, 1838.*

*Ne exeat.*
*Practice.*
*Motion.*

1838.

COWDIN
*v.*
CRAM.

justly indebted to him, on account of the said sales, in the sum of twelve thousand four hundred and seventy-five dollars, which the complainant claimed as justly and equitably due to him over and above all off-sets and allowances. Also, that the defendant, Smith Cram, was not a resident of the state of New-York, but resided in the city of New Orleans; and that he had recently informed the complainant that he was about to depart, and in the course of a few days thereafter should de part from the state of New-York and go to the south-western states, and thence to his residence in the city of New Orleans. And that several other persons had also informed the complainant that the said Cram was soon to leave this state for his residence in New Orleans.

The defendant's counsel, in support of his motion to discharge the writ, read an affidavit, in which the agreement was said to be one for profits only; and there was a denial as to the declaration of going away, as well as to the receipt of more moneys than four hundred dollars by sales of rights to use the patent, while he was out of pocket above one thousand dollars.

Mr. *Lockwood,* for the defendant and in support of the motion.

Mr. *D. Selden,* contra.

*August* 13.    THE VICE-CHANCELLOR :—The complainant is not entitled to the writ of *ne exeat* upon the ground that the defendant is bound to convey to him one half of the patent right, which he refuses to do.

The demand of the complainant (for a specific performance like the present) is not a moneyed demand; and, therefore, not a case for the writ of *ne exeat: Cock* v. *Ravie,* 6 Ves. 283; *Gardner* v. ———, 15 Ib. 445; *Blaydes* v. *Calvert,* 2 Jac. & W. 211.

Whenever this writ has been granted upon a bill for a specific performance, I apprehend it has always been against the vendee where the purchase money constitutes the demand against him and the payment of which is sought to be enforced. In such cases, if it clearly appears that the vendor can give a

good title, at the time of filing his bill, he may have the writ, provided the defendant is about to leave the jurisdiction: because there is an equitable moneyed demand or indebtedness, the amount of which governs the court in marking the writ for bail: *Goodwin* v. *Clarke*, 2 Dick. 497; *Boehm* v. *Wood*, 1 Turn. & R. 332; *Brown* v. *Haff*, 5 Paige's C. R. 240.

Then, is there enough in this case to entitle the complainant to the writ, upon the matter of account?

The bill alleges certain sales of the patent-right to the amount of twenty-four thousand nine-hundred and fifty dollars, and then says the defendant is justly indebted to him, on account of the said sales, in the sum of twelve thousand four hundred and seventy-five dollars (being just one half and which he claims as justly and equitably due over and above all off-sets. This latter averment, taken by itself, would seem to be positive as to an actual indebtedness; but it has reference to the previously stated *data*, for it is said "on account of said sales;" and these, with the exception of four hundred and fifty dollars, are stated, not positively from the complainant's own knowledge, but from his information and belief. Even if this is sufficient, in the first instance, to authorize the granting of the writ, it is open to explanation or contradiction by affidavit on the other side upon a motion to discharge it. This is clear from analogy to the practice in courts of law with respect to holding a defendant to bail and from what fell from the lord chancellor in *Flack* v. *Holm*, 1 Jac. & W. 414. Now, the defendant, in his affidavit, positively denies that he has received as yet any thing in money, notes or securities whatever, except four hundred dollars from one rail road company, and over and above this sum, he says he is more than one thousand dollars in advance. He is not, of course, yet indebted to the complainant. There is nothing in his hands to account for; and, by the injunction, he is prevented from receiving any thing.

If the defendant's affidavit be untrue in this respect, then he is a perjured man. It may be true, notwithstanding his admission or declaration to third persons to the contrary.

The proof of the defendant's non-residence and of his intended departure from this state, is satisfactory enough; but,

1838.      upon the other grounds, the defendant is entitled to be dis-
~~~~~      charged from the *ne exeat.*
HAMILTON
*v.*            Order accordingly; and, costs to abide the event.
ROBERTS.