Glenton a. Clover.

GLENTON a. CLOVER.

*Supreme Court, First District; At Chambers, May,* 1860.

NE EXEAT.—MOTION TO DISCHARGE.

A writ of *ne exeat* allowed under the Code.

A denial of any intention of leaving the State is not of itself a sufficient ground for discharging a writ of *ne exeat.*

In an action in which a receiver had been appointed, the court granted a motion to discharge defendant from imprisonment conditionally upon his delivering the property in suit to the receiver.

Motion to discharge *ne exeat.*

BONNEY, J.—The defendant, Clover, moves the discharge of a writ of *ne exeat,* issued in this action, under which he is held in close confinement, for want of bail required in five thousand dollars. The papers show that the above defendants, Clover and Glenton, acting as executors of an instrument purporting to be the will of Jonas W. Glenton (the father of plaintiff), made in Nicaragua, have received a large amount of money belonging to the estate of said testator, of which the plaintiff is entitled to have not less than four or five thousand dollars paid to her, or applied, invested, or secured for her use.

The *ne exeat* was granted on the allegation that defendant was about to leave this State for Nicaragua, where said Glenton has also gone, and that if he did so leave, the plaintiff would lose the amount to which she is entitled, and evidence was given tending to prove such allegation. I think the writ was properly issued upon papers sufficient to allow it.

On this motion to discharge the *ne exeat,* the defendant has read affidavits in relation to the estate of said testator, by which he claims to have shown that all the money realized by said executors is accounted for, and that no part of it has been misapplied; and, also, that when this suit was commenced, he had no intention of leaving this State immediately; that his proposed going to Nicaragua was with reference to business of the estate,

and that the plaintiff was informed of his intentions, and assented thereto; and he further alleges that, from the action of the plaintiff, he has given up all intention whatever of going to Nicaragua or elsewhere, and has no intention of departing from the jurisdiction of this court.

There can be no doubt, on the papers before me, that plaintiff is entitled to relief in this action. The purpose for which a *ne exeat* is issued is to secure the presence of the defendant within the jurisdiction of the court, to answer the judgment that may be rendered; and for sufficient cause shown, this writ was issued. The defendant, as I understand his affidavit, does not deny that he did intend to go to Nicaragua, but attempts to show that he was not about to leave this State immediately, when he was arrested, and alleges that he has now given up all intention of going. He does not, by stating any facts in relation to himself, his family, business, or property, show that he cannot at any time leave this State, and remove all his property, and he may at any moment resume his intention to go to Nicaragua; and should he do so, and carry such intent into execution, the plaintiff, so far as appears, would be remediless. He has not yet answered the complaint, and I do not think sufficient cause is shown for discharging the *ne exeat*, nor does the amount of bail required appear to be exorbitant.

It is certainly very desirable that the defendant should be released from imprisonment. He states that he is confined for want of bail, but does not state that he is unable to furnish bail. A receiver has been appointed in the action, and if the property in question, and claimed, be passed to that receiver, the defendant may be discharged. A full answer may, perhaps, present a case which will entitle him to relief, but in the papers now before me I do not find such case.

The order to show cause is vacated, and defendant's motion to discharge the *ne exeat* is denied, with $10 costs, with leave to renew, as he may be advised.