Isaac N. Bassett *et al.*

*v.*

Allen W. Bratton.

1. Remedy—*for injury under process.* Trespass does not lie for an injury occasioned to a person by regular process of a court of competent jurisdiction. The party procuring a writ for the arrest of another in such case is not liable as a trespasser, even though the court or officer granting the writ may have erred in judgment, the only remedy against him being an action on the case if he has acted maliciously.

2. Where a writ of *ne exeat* was allowed by a master in chancery having general jurisdiction to grant such writs upon petition verified by affidavit, it was *held*, that the party procuring the issue of the writ could not be liable in trespass for an arrest and imprisonment under the writ merely because the facts on the hearing did not sustain the allegations in the petition, or even if the

facts giving jurisdiction to order the writ were defectively stated, and that if such party was liable, it was in case for maliciously procuring the writ and the arrest, if such was the fact.

3. MASTER IN CHANCERY—*power to grant writ of ne exeat.* The statute invests masters in chancery with authority, in the absence or inability of the judge to act, to order the issuing of writs of *ne exeat,* and provides that the writ shall not be granted except upon bill or petition filed, and affidavit to the truth of the allegations therein contained.

4. NE EXEAT—*sufficiency of petition to give jurisdiction.* Erroneous judgment in respect to granting a writ of *ne exeat,* or insufficiency of statement in the petition, if there are statements upon the facts necessary to authorize the granting of the writ, will not go to the point of jurisdiction. Defective statement of the facts will not deprive the master in chancery of jurisdiction.

5. SAME—*petition being amendable is not void.* A petition for a writ of *ne exeat* being amendable, an omission in the same of a material allegation will not render it and the writ void, the rule being that a void thing is not amendable.

APPEAL from the Circuit Court of Stark County; the Hon. J. W. COCHRAN, Judge, presiding.

In December, 1872, John S. Davis placed in the hands of the appellants, Bassett & Connell, attorneys at law, four promissory notes, for collection, against the appellee, Bratton, and William H. Loman. On February 24, 1873, the attorneys brought a suit in *assumpsit* in the Mercer circuit court, in favor of Davis, against Bratton and Loman, upon the notes, and on the same day sued out a writ of attachment in aid of the suit in *assumpsit* against the property of Bratton. Afterward, in the absence of Bassett in California, Connell prepared a petition in the name of Davis for a writ of *ne exeat* against Bratton, and on March 6, 1873, presented it to the master in chancery of the county, who made an order for the issue of the writ upon filing the proper bond in the sum of $500, with Bassett & Connell and John T. Connell as sureties. The bond was filed, and the writ of *ne exeat* issued March 7, 1873, Connell signing the name of Davis to the bond, by Bassett & Connell, his agents, and also the firm name of Bassett & Connell and his individual name. Davis subsequently ratified his signature to the bond. The petition for the writ appears to be signed by Davis, and

the firm name of Bassett & Connell is appended to it as attorneys for complainant. The affidavit of the truth of the allegations in the petition was made by Connell. Bratton was arrested under the writ, and, in default of giving the bond prescribed by the statute, was committed to and held in jail. On April 15, 1873, judgment was rendered against Bratton in the *assumpsit* suit for $579.50, after giving credit for an amount realized under the attachment process. Answer was filed in the *ne exeat* proceeding April 4, 1873, and a hearing was had on April 22, 1873, and a decree entered dismissing the bill. Davis took an appeal, the appeal bond being filed May 1, 1873, Bassett being one of the sureties thereon. Afterward, Bratton applied to one of the judges of this court for a writ of *habeas corpus* for a discharge from the imprisonment. The application, by agreement, was considered as if the writ had been issued and a return had, and it was decided that Bratton could not be held under the writ of *ne exeat*, and he was thereupon discharged from imprisonment.

At the August term, 1874, of the circuit court of Mercer county, Bratton commenced a suit in respect of the foregoing matters against Davis and Bassett & Connell, the declaration containing four counts : the first being for malicious prosecution in the arrest and imprisonment of Bratton in the *ne exeat* proceeding, reciting the same at length ; the second and third being for malicious prosecution in the making of such arrest and imprisonment ; and the fourth being for an unlawful arrest and imprisonment. Davis was not served with process, and the case proceeded against Bassett & Connell. Upon trial before a jury they were both found guilty under the fourth count, and not guilty under all the other counts, and the damages against them were assessed at $1,950 ; upon a *remittitur* of $950, judgment for $1,000 was rendered against them, and they appealed.

Mr. ISAAC N. BASSETT and Mr. JAMES H. CONNELL, *pro sese.*

Mr. B. C. TALIAFERRO, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

A question is first made in respect to Bassett alone — that he is not liable because he did not participate in causing the arrest and imprisonment, being absent at the time in California, and that if he is to be charged it must be upon the mere facts that he was a partner of Connell, assisted on the trial in the *ne exeat* proceeding, and signed the appeal bond on appeal from the decision therein.

This question we shall not consider, as we are of opinion the judgment can not be upheld against either defendant. We consider that *case*, for the malicious motive and want of probable cause for the proceeding, is the only sustainable action against the defendants, and they stand acquitted by the verdict under all the counts containing the charge of malicious prosecution. The conviction and judgment are upon the count, alone, in trespass for the arrest and false imprisonment, simply ; as regards which, we are of opinion that the legal principle that whenever an injury to a person is occasioned by regular process of a court of competent jurisdiction trespass is not sustainable, should apply here in exoneration of the defendants. This principle, or that it applies in case of such an officer as here, is not disputed by appellee's counsel ; but the fact of jurisdiction is denied, and it is contended that the writ was void. In such event the writ might afford no protection, and, as we conceive, the decision of this case turns upon that point — whether or not the writ of *ne exeat* was void.

The imprisonment was by an officer, in obedience to the command of a writ which the master in chancery directed to be issued. The statute invests masters in chancery with authority, in the absence or inability of the judge to act, to order the issuing of the writ of *ne exeat*. It provides that the writ shall not be granted except upon bill or petition filed, and affidavit to the truth of the allegations therein

156       BASSETT *et al. v.* BRATTON.      [Sept. T.

Opinion of the Court.

contained. Such petition and affidavit were here filed; and the only suggestion of the want of jurisdiction in any respect, or of ground upon which the writ is void, is that there was no allegation of fraud made in the petition for the writ, and that because of the want thereof the master in chancery had no jurisdiction to order the issuing of the writ, and it was void.

The statute itself is entirely silent in respect to fraud, neither requiring any allegation of it in the petition, nor making it a requisite of title to the writ. It is only non-compliance with the constitutional provision that is to be alleged in this respect; such provision being that "no person shall be imprisoned for debt unless upon refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud."

The petition has an allegation in respect of fraud, as follows: That about February 18th — prior to March 6th, when the petition was filed — Bratton, the debtor, sold his farm and other property, and at once sold and assigned his notes, amounting to several hundred dollars, for the purpose of defrauding the petitioner, and put the money in his pocket, beyond the reach of the petitioner in his attachment suit then pending. It further alleges that Bratton intends and purposes to take all the money and property he has out of the State of Illinois, and that he has no real estate except a small tract with which he had partly secured the debt to the petitioner, which was not worth over $300; that there were $500 due on the notes unsecured; that Bratton would not leave any personal property in the State; that he was going to Kansas, and had sold part of his property, and sent part of it out of the State, and was intending to take the remainder and the said money out of the State.

Here were facts and circumstances stated tending to raise a presumption of fraud. Whether sufficient in that respect the master in chancery was the proper person to pass upon

and decide ; he would seem to have adjudged them sufficient, inasmuch as he ordered the issuing of the writ. Whether he decided erroneously or not should not affect the petitioner laying before the master the petition for the issuing of the writ, if in the judgment of the master in chancery the case made by the petition authorized the granting of the writ. Erroneous judgment in such respect, or insufficiency of statement in the petition, where there were statements upon the subject, would not go to the point of jurisdiction.

The master in chancery had general jurisdiction over the subject matter, to order the issuing of the writ upon presentation of the petition and affidavit, if in his judgment a proper case was presented for the writ, and the ordering of the issue of the writ would be in the exercise of jurisdiction which he possessed and was called upon to exercise.

The rule in this class of cases is thus laid down by BRONSON, C. J., in *Miller* v. *Brinkerhoff*, 4 Denio, 118 : " When certain facts are to be proved to a court of special and limited jurisdiction, as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void, in whatever form the question may arise. * * * But where the proof has a legal tendency to make out a proper case, in all its parts, for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for that purpose." And see *Staples* v. *Fairchild*, 3 Comst. 41 ; *Matter of Faulkner*, 4 Hill, 598.

In *Outlaw* v. *Davis*, 27 Ill. 467 — a like case, involving the liability of a party for suing out a *capias* from a justice of the peace, where his statement upon oath did not make a case for the issuing of the writ — this court said : " We think, then, if the magistrate, having jurisdiction of the general subject, did not require a sufficient statement on oath of the party complaining, such party could not possibly be guilty of a trespass with force and arms. If he had acted maliciously, case would lie against him." In support of the decision there was cited the case of *West* v. *Small-*

158     BASSETT *et al. v.* BRATTON.     [Sept. T.

Opinion of the Court.

*wood*, 3 Mees. & W. 417, in which it was said by Lord ABINGER: " Where a magistrate has a general jurisdiction over the subject matter, and a party comes before him and prefers a complaint, upon which the magistrate makes a mistake in thinking it a case within his authority, and grants a warrant which is not justifiable in point of law, the party complaining is not liable as a trespasser, the only remedy against him being by an action on the case if he has acted maliciously."

We think the present case comes fully within the principle of those decisions, and the rule above, and that they deny the right of recovery here. See, further, *Plummer* v. *Dennett*, 6 Greenl. 421; *Luddington* v. *Peck*, 2 Conn. 700; *Johnson* v. *Maxon*, 23 Mich. 129.

In *Booth* v. *Rees*, 26 Ill. 45, trespass for taking personal property, there was a plea justifying the taking under a writ of attachment. The question was, whether there was a want of jurisdiction, and the writ void, because in the affidavit for the writ the statement of non-residence was on information and belief, and not positive, as had been held to be necessary in *Dyer* v. *Flint*, 21 Ill. 80. It was held that, whilst the affidavit was defective, as it was amendable by statute it was not void, and so supported the writ of attachment; and it was there said: " It appears to be a rule of universal application that a void thing is not amendable."

The petition for a writ of *ne exeat* is amendable, as decided in *Fisher* v. *Stone*, 3 Scam. 70, where there was an omission in the bill of what the court regarded as a material allegation, and it was held that the omission amounted at most but to a defective statement of the complaint, which, upon demurrer being put in, could be supplied by an amendment of the bill, and the order of the dismissal of the bill upon motion, by the court below, was reversed.

The petition for the writ of *ne exeat*, then, being amendable, it was not void under the decision in *Booth* v. *Rees*, and could only be attacked in a direct proceeding, and would be sufficient to protect those acting under it.

The writ of *ne exeat* was not quashed or set aside; no exception was taken to the sufficiency of the allegations; the petition was not demurred to, but answered by the defendant, denying the allegations; issue was taken on them, and on the hearing the court found that the evidence did not sustain the allegations, and therefore dismissed the bill.

Our conclusion is that the master in chancery had jurisdiction in the matter of ordering the issue of the writ; that it was not void, and that the defendants are not liable in trespass for the arrest and imprisonment.

The judgment will be reversed.

*Judgment reversed.*