CONYERS, administrator, *vs.* GRAY.

67  329
102  231

1. An attorney who has collected money for a client cannot hold the entire amount and refuse to pay over the same because a small part is due to him as fees.

(*a.*) Nor is it any defense to a rule by the administrator *de bonis non* to collect such fund, that the client of defendant was the primary administrator, and defendant was one of the securities on his bond ; that defendant having collected money for the estate paid it over to the administrator, who returned it to him to keep, to secure him against liability on the bond.

2. Where it was shown on an application for *ne exeat* that the defendant had declared his intention of leaving the state shortly before that time, and had made application to be dismissed from the administration on a certain estate in open court, on the ground that he intended to remove from the state, an answer to the effect that the defendant had intended so to remove, but had altered his mind, and did not so intend at the time of filing the answer, but might change his mind if he saw fit, was not sufficient to prevent the grant of the writ of *ne exeat.*

3. Under the facts of this case the remedy at law was not adequate, and there was good ground for equitable interposition.

Attorney and Client. Administrators and Executors. *Ne exeat.* Equity. Before Judge FAIN. Bartow County. At Chambers. August 6th, 1881.

Conyers, administrator *de bonis non* of the estate of Felton, filed his bill praying for a *ne exeat* against Gray. The bill alleged, in brief, that Gray had been the attorney of complainant's predecessor in office, and as such had collected between $3,000.00 and $4,000.00 on certain notes; that he claimed some $600.00 fees as due to himself and associate counsel, which the complainant denies that he is entitled to; that a rule is pending against the defendant as such attorney for said sum ; that he claims to have paid it over to the first administrator, except his fees, and, being a security on the bond of his client, he received the money back to be held or properly applied for his protection as such security; but complainant denies

that it was ever in fact paid over; that defendant is insol-vent, and about to remove from the state with the fund ; that the alleged fees have been disallowed by the ordi-nary, and that the administrator has been removed and complainant has succ.eded him.

The answer insisted that the fees were due, and that the defendant, after deducting his legitimate charges, had paid over to the ad.uinistrator the amount collected ; that, being one of the securities on the administration bond, under agreement with the administrator, for the protec-tior. of himself and his co-security, he received back the money—not as an attorney, but as a matter of contract, to hold the same as a security against loss on the bond ; that he is ready to settle by paying over the amount, less his fees, and taking a receipt in full. Defendant denied that he was about to remove from the state at the time of making the answer, but asserted his right to change his mind, should he see fit.

Exhibits and affidavits were submitted in support of the bill and answer. The chancellor refused the *ne exeat*, and complainant excepted.

JAMES B. CONYERS; GRAHAM & FOUTE, for plaintiff in error.

W. K. MOORE, for defendant.

JACKSON, Chief Justice.

The administrator *de bonis non* applied for the writ of *ne exeat* against an attorney at law of the former admin-istr tor, who had the funds of the estate in hand, which he had collected for that administrator. The attorney was also one of the sureties of the former administrator, and having been ruled by the administrator *de bonis non* for the money, answered that he had offered to pay it if his fees and those of associate counsel employed by the former administrator were allowed, and that he no longer

held the money as an attorney, but to save himself harmless as surety on the bond, he having paid the money to the former administrator, who returned it to him for that purpose. These facts were also set up against the *ne exeat*, and in answer to the bill the respondent said that when it was answered—at that time—he did not mean to leave the state, but might change his mind.

The application for the writ was denied by the chancellor and the administrator excepted.

1. The respondent ought to pay the money collected for the estate to him whom the law clothes with the authority to receive it. His reasons for refusing to pay it are not at all sound in law. If, as he claims, some few hundred dollars worth of fees are due him as counsel, the extent to which equity will permit him to go is to retain enough to pay those fees, but surely he should not keep the several thousands he has of the money collected for this estate by him, and belonging to the estate, in order to force the estate to a settlement of his fees by withholding from it what belongs to it. Equity will not permit an attorney at law thus to extort fees by withholding a vast deal more of another's money than will suffice to pay them. It will not allow him to say "unless you will give me a receipt in full and close up my fees at my own charges, I will not pay over to you any of the money belonging to you."

Nor will it allow him to retain the funds of the estate collected by him in order to indemnify himself as surety of the administrator, whether the former administrator, whose surety he was, agreed that he might do so or not. Payment to the administrator *de bonis non* of these funds will relieve him from liability to that extent, and his retention of it could not possibly indemnify him a single cent more. Indeed, the best way to relieve himself as surety is to pay over the money he has. The receipt of the administrator *de bonis non* is the very best security he can procure to indemnify himself against loss. If he

should keep the money, he might lose it by bad invest-ments or otherwise; but when it passes from his pocket to the administrator, he cannot lose a cent of it—his bond is paid exactly to that extent, and to that extent no power can make him pay it again.

So that this idea of retaining the money to indemnify himself as surety, looks like a subterfuge or contrivance to keep it, not for that purpose, but for some other. A court of chancery will not for a moment tolerate such conduct in any fiduciary officer, and especially will it see to it that no counsellor, attorney or solicitor, shall hold funds belonging to others for the purpose either of ex-torting fees or of indemnifying himself as surety, when his very best indemnity is to pay the money where it be-longs. These fees were rejected by the ordinary, and thus have received the condemnation of the court, whose duty it is to pass upon them; but even if allowed, they would furnish no reason for retaining more of the client's money than enough to pay them.

2. But conceding that the attorney should pay over the money, and that he cannot hide behind so thin a veil as that here set up, it is insisted that the writ of *ne exeat* ought not to be granted.

What are the facts? He has notified opposing coun-sel, or other gentlemen, that he would leave the state, and has withdrawn his application in respect to letters of administration of certain estates, in open court, on the ground that he intended to remove out of the state. True, when the bill is filed he answers that he does not now intend to remove, but still reserves his right to change his mind. Doubtless, or at least perhaps, that mind will change when the *ne exeat* is finally refused and no security is given for this fund.

At all events the proof is overwhelming that just be-fore the bill was filed, his purpose was to remove, and that proof is not to be rebutted by such a change of mind as this answer sets up.

Conyers, administrator, *vs.* Gray.

3. But it is said further that there is ample remedy at law, and that suit is now pending on the administrator's bond, on which he and others are sureties. The reply is, that equity will not remit the complainant to a suit on a bond when he is following the very assets of the estate, and the best sort of assets—money, and money held by the attorney who collected it and is liable for it with certain interest fixed by law from the refusal to pay it over. Especially will it not do so when the whole taxable estate of the attorney is but some two thousand dollars, scarcely half what he collected, and the other sureties might die and procrastinate payment, or the suit on the bond prove unproductive for any other reason in the many defenses which may be made and the shifting circumstances of men. It will not remit the suitor to so uncertain a remedy, to any such law suit, but will lay its hand on the fund that this fiduciary agent has, and which belongs to his *cestui que trust*, and not permit him to quit its jurisdiction with the client's money in his pocket till he has secured it beyond peradventure.

That *ne exeat* is the remedy, see Code, §3226, which declares that this writ will be granted "against persons illegally removing the property of a decedent at the instance of any person interested therein." This person is about to take this money of this decedent illegally out of the state, and the administrator *de bonis non* is the person interested for all the heirs and creditors, and interested because it is his sworn duty to collect this fund for them.

Section 3227 declares that the complainant "must show that no adequate remedy is afforded at law, and that the defendant is either removing, or about to remove, himself or his property, or the specific property to which the complainant claims title or an interest." We see no adequate remedy at law for this complainant on the overwhelming facts this record discloses, and we see from the evidence that the defendant is about to remove beyond this state, or was when this bill was brought, himself and this money too, the title to which is in this complainant.

Therefore, we think that the chancellor erred in not granting the prayer for this writ in this case, and it is remanded, that action may be taken by him in accordance with this opinion.

Judgment reversed.