## SAMUEL KREBS
## V.
## AMELIA THOMAS.

1. ACTION OF TRESPASS FOR FALSE IMPRISONMENT, WHEN IT WILL NOT LIE.—An action of trespass for false imprisonment will not lie by a party arrested on a valid warrant issued against him by a court having jurisdiction of the complaint. If the party causing the arrest acted maliciously and without probable cause, the remedy is an action on the case.

2. BURDEN OF PROOF—MALICIOUS PROSECUTION.—In an action for malicious prosecution, the *onus* is on the plaintiff to show that the criminal prosecution instituted by defendant, was the offspring of malice and without any probable cause to justify it.

3. VERDICT AGAINST EVIDENCE.—As the testimony in this case preponderates very heavily in favor of plaintiff in error and entirely disproves the charge that he acted maliciously and without cause in procuring the arrest of defendant in error, the verdict of the jury is not sustained and the judgment is reversed.

ERROR to the Circuit Court of Jersey county; the Hon. A. G. BURR, Judge, presiding. Opinion filed January 16, 1883.

Messrs. WISE & DAVIS, for plaintiff in error; cited Corbley v. Wilson, 71 Ill. 209 ; Skidmore v. Buckner, 77 Ill. 164.

A notice should be given a party to produce a paper, which is supposed to be or ought to be in his possession, as a foundation for other proof in relation to it: Richard Iron Works v. Glennon, 71 Ill. 11 ; Marlow v. Marlow, 77 Ill. 633 ; C. & St. L. R. R. Co. v. Easterley, 89 Ill. 156 ; Holbrook v. Trustees, 22 Ill. 539.

As to the proof necessary to sustain the action of false imprisonment: Walaheim v. Sichel, Hilt. 45 ; Johnson v. Maxow, 23 Mich. 129 ; Gilson v. Webster, 44 Ill. 483 ; Harnett v. Thompson, 46 Ill. 460 ; Bullock v. Narrott, 49 Ill. 62 ; Bailey v. Godfrey, 54 Ill. 485.

If defendant is convicted in the first instance and appeals and is acquitted in the appellate court, the conviction below is conclusive of probable cause : Griff v. Sellers, 4 Dev. & Bat. 176 ; Whitney v. Packham, 15 Mass. 242 ; Payson v. Caswell,

22 Me. 212 ; Witham v. Gowan, 14 Me. 362 ; 2 Greenleaf, § 475.

Unless such conviction was obtained chiefly or wholly by false testimony of defendant : Witham v. Hillard, 1 Green, 135 ; Goodrich v. Warren, 21 Conn. 432.

What constitutes probable cause is a question of law: Wade v. Walden, 23 Ill. 425 ; Angelo v. Fasul, 85 Ill. 106 ; Ross v. Inniss, 35 Ill. 487 ; Chapman v. Cawrey, 50 Ill. 512.

To sustain the action, both malice and want of probable cause must concur: Lerdig v. Rawson, 1 Scam. 272 ; Jacks v. Simpson, 13 Ill. 702 ; Bourne v. Stout, 62 Ill. 261 ; Montross v. Bradsby, 68 Ill. 185 ; Mitchinson v. Cross, 58 Ill. 366.

Messrs. WARREN & POGUE and Mr. WM. P. LAUNTZ, for defendant in error ; cited Anderson v. Friend, 71 Ill. 475 ; Gilbert v. Emmons, 42 Ill. 144 ; Walker v. Martin, 43 Ill. 509.

The damages are not excessive, in view of the aggravating circumstances : Quinn v. Wilson, 49 Ill. 95 ; Chapman v. Cawrey, 50 Ill. 513; King v. Ward, 77 Ill. 603 ; Ousley v. Hardin, 23 Ill. 352 ; Schoonover v. Myers, 28 Ill. 310, 311.

A verdict of an inferior court will not be reversed as being against evidence, where there was any evidence to support it: Bayley v. Lewis, 2 Mour. 142; Dodge v. Bretain, 1 Meigs, 84; Leigh v. Hodges, 3 Scam. 15; Gillet v. Sweet, 1 Gilm. 475.

A court will not interfere to grant a new trial in opposition to the finding of a jury where there has been two concurrent verdicts: Coffin v. Newburyport Marine Ins. Co. 9 Mass. 436; Barrett v. Rogers, 7 Mass. 353.

In cases of tort, a court will not grant a new trial on account of heavy damages: Palmer v. Fish, 2 C. C. C. 14; Treanor v. Donaho, 9 Cush. 228; Sexton v. Brock, 15 Ark. 345; Simpson v. Pitman, 13 Ohio, 365.

DAVIS, P. J. This was an action of trespass brought by defendant in error against the plaintiff, to recover damages for an alleged malicious prosecution and false imprisonment.

The facts out of which this case grew were, that in October, 1878, plaintiff in error appeared before a justice of the peace of Jersey county and made a complaint in writing, under oath, charging substantially that defendant in error, on the 27th of March, 1878, did, in said county, commit perjury by willfully, etc., swearing, in a judicial proceeding, in a matter material to the issue, that plaintiff did not pay her $150, on a certain note, when in truth he did make her such payment.

A warrant was issued and in due time defendant was arrested by a constable and taken before a magistrate, who, after a hearing, bound her over to appear at the next term of the circuit court to answer to such charge.

At such term the grand jury ignored the bill, and defendant, on motion of the State's attorney, was discharged.

She then commenced this action of trespass, and the declaration on which the case was tried contained three counts, two for malicious prosecution, and the other for false imprisonment.

The jury found defendant below guilty, and assessed the plaintiff's damages at $500, for which amount judgment was rendered by the court, and to reverse the judgment this writ of error was prosecuted.

It is not claimed by defendant in error, that the warrant under which she was arrested was void, or that the magistrate who issued it had no jurisdiction; hence, the verdict of the jury under the count for false imprisonment can not be sustained, for the law is well settled, that an action of trespass will not lie for false imprisonment, by a party arrested on a valid warrant issued against him, by a magistrate having jurisdiction of the subject-matter of the complaint. His only remedy being an action on the case, if the party causing his arrest acted maliciously and without probable cause. Outlaw v. Davis, 27 Ill. 467; Bassett v. Bratton, 86 Ill. 152.

Under the counts for malicious prosecution the *onus* was on the plaintiff below to show that the criminal prosecution instituted by plaintiff in error, was the offspring of malice, and without any probable cause to justify it. Ross & Co. v. Inniss, 35 Ill. 487; Calef v. Thomas, 81 Ill. 478.

Krebs v. Thomas.

On the trial below, after proving the issuing of the warrant, the arrest under it, and her subsequent discharge by the action of the grand jury, the defendant in error was the only witness introduced in her own behalf, to sustain the charge of malice and want of probable cause, and she testified that under the direction of her mother she went to Kreb's house to see Lohmeyer, her step-father, to get him to come home to settle a note of his of $150 due in the bank at East St. Louis. Lohmeyer was then building a barn for Krebs, and he asked him if he could go home to attend to some business. Krebs was anxious to get his barn finished by harvest time and asked Lohmeyer what his business was. Lohmeyer told him about the $150 note being due in bank and asked him for the money. Krebs said he would go to Brighton and see if he could get the money, and if he could he would get it and give it to her. Krebs got the money at the bank at Brighton and gave it to her, and she went home and paid Lohmeyer's note with it, and sent it to him by letter to Brighton. Her mother did not send her to Krebs to get $150, to be credited on the $800 he was owing her.

For the defense Krebs testified that the defendant in error came to his house in 1875, and said she wanted him to pay her $150; that it was to be credited on his note of $800. That she wanted the money to pay a note of her step-father which was due in the East St. Louis Bank. Lohmeyer was working for him by the day, and had been working then about nine or ten days. Defendant in error said the note was Mr. Lohmeyer's, but her mother was security on the note. It was due in the bank, and her mother sent her to him to get $150 to pay the note, and the $150 was to be credited on the $800 note he owed her mother, and if he would get the money for her then, she would do almost anything for him; that it would be a great accommodation to her. He went the next morning with the defendant in error to Brighton, and borrowed the money at the bank and gave it to her. He saw Mrs. Lohmeyer after this at East St. Louis, and had a conversation with her when defendant in error was present and Mrs. Lohmeyer said she sent defendant in error to get the $150,

and that she had credited the amount on his note. It never was credited on the note. Mrs. Lohmeyer and defendant in error said it was credited on his note.

Krebs further testified that Lohmeyer worked for him in all thirty-three days; it came to $66 and board, and he paid him for his work.

Alexander Wonderly testified for plaintiff in error, that he and Krebs had been to Alton for lumber for a barn Krebs was building, and in the evening on their return, they drove up to the barn, and defendant in error met them there. She said her mother sent her up for $150 to pay a note for Mr. Lohmeyer, that her mother was security on, that was due in the bank. Krebs replied he needed his money just now as he was building, and she said that the $150 he would pay her would be credited on the note he owed her mother. Krebs then said he would go to the bank in the morning, and if he could get the money he would let her have it. The $150 he was to pay her was to be credited on or as a part payment of the note he owed her mother. Krebs' sons were present at the conversation. We were all together as defendant in error came up.

John Krebs and Samuel Krebs testified they were present when defendant in error came for the $150, and their testimony corroborates that given by their father and Alexander Wonderly, that the $150 were to be credited on the $800 note held by Mrs. Lohmeyer on plaintiff in error.

B. Franz, Frank Rice and Emma Drew also testified and their testimony tended to corroborate Krebs.

This testimony, we think, preponderates very heavily in favor of plaintiff in error and entirely disproves the charge of plaintiff below, that Krebs acted maliciously and without probable cause in causing her to be arrested. The verdict of the jury is therefore not sustained, and the judgment of the court below must be reversed and the cause remanded.

Judgment reversed.