## ANNA V. CARY

*v.*

## GEORGE CARY.

A defendant arrested, and in custody under a *ne exeat*, may, before answer, apply for the discharge of the writ on affidavits.

---

Bill for divorce. On motion for rehearing.

*Mr. B. C. Frost*, for the motion.

*Mr. J. F. Dumont*, contra.

THE CHANCELLOR.

This is an application for the rehearing of an order advised by a vice-chancellor, refusing to entertain a motion by the defendant to discharge a *ne exeat* issued against him, and under

which he was, and still is, in custody.   The defendant has not answered the bill.   His application is founded on affidavits. The ground of the refusal to entertain the motion was that, the writ having been served, the defendant could not be discharged on affidavit, but must answer.   *MacDonough* v. *Gaynor, 3 C. E. Gr. 249*, is cited as authority.   Chancellor Zabriskie there, indeed, laid it down as one of the settled rules of practice in courts of equity, as to the writ of *ne exeat*, that if the writ is served, no subpœna is necessary, and the party cannot be discharged upon affidavit, but must make answer.   He cites *Russell* v. *Asby, 5 Ves. 98*.   It is quite obvious that such a rule, if it existed, might produce great hardship to defendants subjected to restraint under the writ unjustly obtained.   Said Lord Eldon, in *Hannay* v. *McEntire, 11 Ves. 54*, " It [the writ] is a most dreadful weapon by which a malicious man may expose another, who has no intention of doing wrong, to great vexation."   A rule which would deny to the defendant the privilege, not to say right, of appealing to the court to discharge the writ until after he shall have answered the bill, would, in some cases, put it out of his

NOTE.--A discharge was refused, where the defendant denied, by affidavit, his intention to go abroad, *Amsinck* v. *Barklay, 8 Ves. 594; Whitehouse* v. *Partridge, 3 Swanst. 375; McGauran* v. *Furnell, Sau. & Sc. 263; Houseworth* v. *Hendrickson, 12 C. E. Gr. 60; Glenton* v. *Clover, 10 Abb. Pr. 422;* see *Conyers* v. *Gray, 67 Ga. 329.*

A defendant may be discharged before answer, on motion founded on his own affidavits only, *Sichel* v. *Raphael, 4 L. T. (N. S.) 114; Cowdin* v. *Cram, 3 Edw. Ch. 231.*

The motion to discharge may be made on the answer, without defendant's affidavit, *Fitch* v. *Richardson, Morris (Iowa) 245;* see *Hughes* v. *Ryan, Beatty 327.*

In general, a defendant may, after arrest, show that the writ ought not to have been granted, *McGee* v. *McGee, 8 Ga. 295; West* v. *Walker, 6 Blackf. 420;* see *Breck* v. *Smith, 54 Barb. 212.*

A petition for a *ne exeat* is amendable, *Bassett* v. *Bratton, 86 Ill. 152;* or a bill, *Fisher* v. *Stone, 3 Scam. 68;* and also the writ itself, *Viadero* v. *Viadero, 7 Hun 313.*

A petitioner for a *ne exeat* may be held liable for false imprisonment by a defendant who has been illegally arrested thereunder, *Lees* v. *Paterson, L. R. (7 Ch. Div.) 866; Bassett* v. *Bratton, 86 Ill. 152; Bonesteel* v. *Bonesteel, 28 Wis. 245; Ammerman* v. *Crosby, 26 Ind. 451.*—REP.

power to seek relief for a long period of time, and so give to the complainant a great and unjust advantage, and ought not to exist. But such is not the rule. Lord-Chancellor Rosslyn did, indeed, so hold, in *Russell* v. *Asby (1799)*, and in *2 Mad. Ch. Pr. 230.* On the authority of that case, it is said that the defendant, having appeared, must put in his answer, and may then apply to set aside the writ; but, in *Hyde* v. *Whitfield, 19 Ves. 342 (1815)*, Lord Eldon entertained a motion to discharge a *ne exeat* on the defendant's affidavit. In *Flack* v. *Holm, 1 Jac. & W. 414 (1820)*, the same chancellor held that the court might ascertain from the affidavits—which, in that case, were put in on both sides—whether the writ was properly granted or not; and in *Grant* v. *Grant, 3 Russ. 598 (1827)*, on a preliminary objection founded on the above-mentioned ruling in *Russell* v. *Asby*, he held that a defendant who was in custody upon a *ne exeat* might, at any time, apply to discharge the writ, on affidavits showing that it had issued improperly. In *Newland's Ch. Pr. 238*, it is laid down that the writ may be discharged by the defendant on his satisfying the court, by his answer or affidavit, that he has no intention of leaving the kingdom, or that he is not indebted to the plaintiff. In *Smith's Ch. Pr. 551*, it is said that a defendant in custody under a *ne exeat* is not bound to answer before he moves to discharge the writ. In *Hoffman's Ch. Pr. 361–363*, it is laid down that when the defendant has given the prescribed security, or is in the custody of the sheriff, he may move to discharge the *ne exeat*, giving the usual notice of a special motion, and that the motion may be made upon a want of equity appearing upon the bill itself, or the insufficiency of the affidavit or allegation as to the party's going abroad, upon the defendant's answer or upon affidavits. The writer adds that everything which shows that the writ ought not to have been granted, is a reason to discharge it, and that affidavits may be read both in support of and against the motion to discharge the writ. See, also, *2 Dan. Ch. Pr. 1712.* In this court, in *Parker* v. *Parker, 1 Beas. 105* (Chancellor Williamson), the defendant was permitted, before answer, to question, on affidavits, the propriety of granting the writ. See, also, *Kirrigan* v. *Kirrigan, 2 McCart. 146*

(Chancellor Green). In the case in hand, the vice-chancellor declined, as before stated, to hear the application because the defendant had not answered. This was erroneous.