## GORDON *v.* FOX.

*(Supreme Court, Special Term, New York County.* January 23, 1890.)

ARREST IN CIVIL ACTIONS—VACATING ORDER.

In an action for specific performance of a contract to assign to plaintiff an interest in certain patents, an order of arrest was granted on an affidavit which alleged that defendant was about to leave the state, and that the patents were worth $250,-000. No facts were stated showing the value of the patents, nor was there any evidence thereof. *Held* that, there being nothing on which to fix bail, the order of arrest would be vacated.

Action by Selden S. Gordon against Frank A. Fox for specific performance of a contract by which defendant agreed to assign to plaintiff an interest in certain patents, in consideration of two dollars paid to said Fox by said Gordon. Plaintiff procured an order of arrest on an affidavit that defendant was about to leave the state, and that the patents were worth $250,000. Defendant now moves to vacate the order of arrest.

*David B. Ogden* and *Mason Fay Prosser,* for plaintiff. *James L. Bennett,* for defendant.

BARRETT, J. The rule stated in *Cowdin* v. *Cram,* 3 Edw. Ch. 231, has not been affected by section 550 of the Code of Civil Procedure. That rule confines the writ of *ne exeat* in actions for specific performance to cases against the vendee. The principle is that the writ is in the nature of equitable bail, readily fixed where the purchase money is specified, but difficult of ascertainment when the action is against the vendor. Here the complaint shows nothing as to the pecuniary element. The affidavit states that the interest sought to be recovered is worth $250,000, but no facts are stated justifying the assertion. In view of the nature of the thing agreed to be assigned, the statement is necessarily a mere assertion; in fact, an opinion. There was nothing upon which to fix bail at $5,000, or any other sum, and the order should therefore be discharged.