GUESS *et al. vs.* THE STONE MOUNTAIN GRANITE AND RAILWAY COMPANY.

1. Where a number of persons living along the line of a railway, running from the main line of a railroad to a granite quarry, operating under charter, and running through the streets of a town with the consent of the council thereof, brought suits against the company for damages resulting from the making of embankments and cuts in the street which ran in front of their property, and from the use of an improper engine, which cast cinders and soot into plaintiffs' yards and houses, and the running thereof at irregular times, a bill by the company to settle the rights of all parties and to prevent multiplicity of suits was not without equity.

2. The chancellor did not abuse his discretion in granting a temporary injunction to restrain the damage suits until a trial of the equity cause could be had.

(*a.*) Though the bill was brought only ten days before the trial term of the damage suits, the chancellor relieved the defendants of injury therefrom by requiring, as a condition of the grant of injunction, a consent order to try the case at the next term.

(*b.*) Nor did he abuse his discretion in refusing to enjoin the business of the company until the hearing.

Municipal Corporations. Streets. Railroads. Equity. Damages. Before Judge HILLYER. DeKalb County. At Chambers. September 30th, 1881.

Reported in the decision.

L. J. WINN, for plaintiffs in error.

HOPKINS & GLENN, for defendant.

JACKSON, Chief Justice.

Sundry parties residing on Church street in Stone Mountain sued the defendant for damages in the use it made of the street as a railway track in excavating and embanking thereon, thus rendering it well nigh useless, in running cars on it at irregular times and with an incompetent or rickety sort of engine, which scattered cinders, soot and smoke all over their yards and into their houses, decreasing greatly their value, and in thus making the business of the corporation a nuisance to all the neighborhood ; and all this under a charter to do private business, not in any sense for the use of the public, but for the private emolument and gain of the stockholders only, and that therefore it was a mere trespasser on the street, and there without shadow of right. The bill was filed to restrain the plaintiffs in these divers suits to settle the rights of the railway company and of these plaintiffs, setting up leave from the town council to use the street, a charter from the state, etc., alleging multiplicity of suits, multiplication of suits, and repetition of suits from time to time, and asking that the whole matter be settled in one case, fixing the rights of all parties.

The chancellor granted the injunction with the consent order that the case thus made be tried at the next, March, term of the court. This grant is assigned as error.

We think that if the complainant has any chartered rights at all to use the street, by the leave of the city council of Stone Mountain first had thereto, the bill is not without equity, but rests on equitable jurisdiction of avoiding a multiplicity of suits and settling interminable litigation on one trial, fixing thereby everybody's rights, and doing justice to all.

Whilst this private corporation, not being a public carrier, or organized for any great public purpose, like rail-

ways from town to town, could not exercise the right to take private property for public use, even with compensation, against the will of the owner of that property, yet it has the chartered right to run a road from Stone Mountain to the quarries at the mountain itself, to haul the granite to the Georgia railroad, and to connect therewith, by the purchase or lease, or other leave given by the owners of property along their route; and as the company shows the grant of the use of the street in question by the town council of the town of Stone Mountain, we cannot say that it is a mere interloper and trespasser, so that equity will shut its doors to its entrance as a suitor.

The demurrer to the bill rested on two grounds. First, that it was brought too late, within ten days of the trial term of the trespass suits, and secondly, for want of equity. The chancellor drew the sting of the first ground by requiring the complainant to try the equity case on its merits at the next term, the first to which it was returnable, and as soon as it could be tried, if filed thirty days before the court, according to the rule. And we have seen that there is equity in the bill under the view we take of it.

If the present mode of running these cars be persisted in, and the affidavits and answer make the true case on the trial before the jury, the defendants to the bill will be entitled to have such a decree as will constrain the complainant to improve the mode now used in running them, as well as damages for the past, as the case now strikes us; and if their property lying on the street is so permanently injured as the answer and affidavits allege, they will be entitled to damages therefor. But we do not now rule positively on these points, preferring, as the chancellor did, it seems from his interlocutory injunction and order thereon, that the case on law and facts be fully tried before the jury on the merits, when, if parties are not satisfied with the result before the court and jury, either may have the case reviewed here on the full equities thereof.

Within a month or two the trial will be had, and nobody can be permanently injured by the temporary injunction.

We cannot say that the chancellor should have absolutely prohibited the running the cars in the meantime, as the cross-bill prayed; but on a view of the whole case, we think that the disposition he made of it is legal, wise and just.

Let the judgment, therefore, be affirmed.