BAILEY vs. Ross, administrator, et al.

[Hall, Justice, being disqualified, Judge Hutchins, of the Western Circuit, presided in his stead.]

1. When this case was here before (68 *Ga.*, 735), it was ruled that there was no equity in the bill in respect to the effort to stop the sale of the land, the ordinary having regularly granted an order therefor in his court, and no ground for equitable interference with his judgment being alleged.

2. It was also decided that the existence of the cross-bill filed by John T. and Edgar C. Bailey threw no such cloud over the title to the land as to authorize the interposition of a court .of equity, or to authorize a claim by complainant for his commissions as executor of John Bailey's estate.

3. It was further ruled that the fact that the clerk of the superior court was the administrator, and had given no bond as such, was no ground for equitable interference.

4. The executor of John Bailey in this case was not entitled to proceed to collect his commissions, as such, out of the estate of James B. Bailey. The demand is based on services rendered in 1857, and is stale; and further, it is an effort to make one estate pay commissions due by another, which cannot be done. It is sought to make the commissions attach to the land, because it was the portion which fell to James B. Bailey out of John Bailey's estate on division, by agreement of parties, wherein the complainant gave up those commissions, provided there was no litigation about it. The claim rests on the cross-bills, which have been held without equity.

(a.) The court was right in dismissing the bill on the ground that the claim was a stale demand, and that there was no equity in the bill.

November 6, 1883.

*Res adjudicata.* Administrators and Executors. Equity. Before Judge SIMMONS. Bibb Superior Court. April Term, 1883.

Henry M. Bailey filed his bill against Albert B. Ross, administrator of James B. Bailey, *et al.*, alleging, in brief, as follows: In 1854 John Bailey died testate, leaving Henry M. Bailey as his executor. Some time after his death, his legatees, being of full age, determined not to carry out the will in the manner prescribed. The widow

elected to take dower; it was set apart to her, and she remained in possession until her death in 1873. All of the parties, in August, 1857, agreed upon a sale of the property and division of the proceeds. This was had, and the distributees receipted to Bailey, the managing executor, for their shares, and released him from all liability to them as executor. In consideration of this amicable settlement, and in consideration that there should be no litigation touching it "in any respect whatever or on account thereof," he "consented to, and did release and give up" all the commission to which he was entitled under the law, amounting to $1,455.00. This went into the general fund instead of being paid to him alone. The reversion in the lands in which the dower was taken was sold, and bid in by one Harris, a son-in-law of testator, for the benefit of himself and the three sons of testator, Henry M., James B. and Robert N. Bailey. Under the sale and distribution, James B. Bailey received certain other lands and one-fourth interest in the dower land. Robert N. Bailey died, and Henry M. Bailey administered on his estate. His one-fourth interest in the dower land was sold and bought by the other three then in life, viz.: Henry M., James B. and Mrs. Harris (a sister), and his estate was fully accounted for. After the death of the widow of John Bailey, the testator, those three divided the dower lands among them. In 1880, James B. died, and A. B. Ross, clerk of the superior court, was appointed administrator, without bond, obtained an order to sell the land of the estate, and was proceeding so to do, although such sale was not necessary, and complainant desired his share in kind. John T. and Edgar C., children of R. N. Bailey, have set up a claim to a one-fourth of the dower lands now in possession of complainant, Mrs. Harris and Ross, administrator of James B., and thus cast a cloud on the title thereof. This claim was set up by cross-bill to a bill filed by this complainant and Mrs. Harris, claiming that the lands of which James B. died in possession did

not belong to him absolutely, but passed to the surviving children, under the will of their father.

Complainant insisted that, inasmuch as the condition on which he released his fees had been broken, and litigation had arisen about the property, and John T. and Edgar C. were asserting a claim to it (and also certain members of the family spoken of as "the Johnsons"), he was entitled to his commissions, with interest from August 4th, 1857; that they were a proper charge on the lands in the hands of the administrator of James B. Bailey, being the identical lands which were the subject of the adjustment between the parties in interest, as above stated, and in which all the parties are equally interested, and which are liable to the payment of the debt before distribution. The prayers were for injunction to prevent the sale by Ross, administrator, and that the land be charged with the commisssions of complainant, the amount to be proportioned among the distributees, in proportion to the shares to be received by them.

The case was before the Supreme Court on the application for injunction, and will be found reported in 68 *Ga.*, 735.

On demurrer the bill was dismissed, on the grounds that there was no equity in it, and that it set up a stale demand which was barred by the statute of limitations. Complainant excepted.

For the rulings of the Supreme Court on different branches of this litigation, see 66 *Ga.*, 354; 68 *Ib.*, 823, 735.

Lyons & Gresham; W. Dessau, for plaintiff in error.

L. N. Whittle; Hill & Harris; Gustin & Hall; Billups & Hardeman, for defendants.

Jackson, Chief Justice.

1. When this case was before this court before, on the application for an injunction, reported in 68 *Ga.*, 735, it was

ruled that there was no equity in the bill in respect to the effort to stop the sale of the land, the ordinary having regularly, in his court, granted an order therefor, and no ground of equitable interference with the judgment of that court being alleged in the bill.

2. It was also then decided that the existence of the cross-bill filed by John T. and Edgar C. Bailey threw no such cloud over the title to the land as to authorize the interposition of a court of equity, or to authorize a claim by complainant for his commissions as executor of John Bailey's estate, especially as the court then say, when " it is judicially known to this court   *   *   *   that a decision of this court at this term in this case disposes of that bill." See last paragraph of the opinion on page 738, and judgment on the cross-bill in 68 *Ga.*, p. 823.

3. So, also, it was ruled then that the fact that the clerk of the superior court was the administrator, and had given no bond as such, was no ground for equitable interference.

4. This leaves the naked question, is complainant entitled to proceed for his commissions, as executor of the estate of John Bailey, out of the estate of James B. Bailey, one of his heirs, on the grounds set out in this bill ?

We do not think that he can.   The claim for those commissions is based on services rendered in 1857.   It is a stale demand, and equity will not help it for that reason.

It is an effort to make one estate pay commissions due by another, and there is neither law nor equity in that. It seeks to attach the commissions to the land of this estate, because it was the portion which fell to James B. Bailey out of John Bailey's estate on division, by agreement of parties, wherein the complainant gave up those commissions, provided there was no litigation about it; and it rests solely upon the cross-bill filed by two of the descendants of one of those who divided the estate of John Bailey and got his share; which cross-bill, it will be seen,

in the cases in 68 *Ga.*, pp. 735 and 823, has been dismissed as without equity.

The result must be that the court below was right to dismiss the bill on the ground that the claim was a stale demand, and that there is no equity in the claim.

Judgment affirmed.