58  529
102  231

ROBERT P. SMITH, plaintiff in error, *vs.* JOSEPH HORNESBY *et al.*, defendants in error.

1. A bond for titles, and the holder's interest in the land to which it relates, pass to his assignee in bankruptcy. After the assignee has disposed of the land to the obligor in the bond, though done illegally, fraudulently, and without consideration, the bankrupt cannot reclaim it by bill in the state court, and have a conveyance decreed to himself, or damages awarded for a breach of the bond; his bill not alleging, either that the land or the bond constituted any part of his exemption, or that they were in excess of sufficient assets to satisfy all claims proved in bankruptcy against his estate.

2. If it would aid the complainant's case to aver that he had withdrawn from bankruptcy, he has not so averred, except by way of reciting the contents of a previous bill, which is not sufficient; neither has he pleaded or exhibited any judgment of the court of bankruptcy permitting him to withdraw.

Equity. Bankrupt. Jurisdiction. Before Judge BUCHANAN. Campbell Superior Court. August Term, 1876.

In December, 1874, Robert P. Smith filed his bill in the superior court of Campbell county, against Joseph Hornesby, of Campbell county; Ophelia M. Gorman and James M. Gorman, of Coweta county; S. C. Weems, of Spalding county; and W. J. Smith, of Henry county, making, in brief, the following case :

On October 17th, 1858, Wm. H. Smith, brother of complainant, bought of Joseph Hornesby, land, for $3,000.00, one-half cash, balance to become due on December 25th, 1860. Complainant took transfer of bond by purchase, and gave Hornesby his note for time payment. Was unable to meet note when it matured. Wm. H. Smith was security thereon. On March 12th, 1866, Hornesby sued this note, and recovered judgment on October 15th, 1866, for principal of $1,605.00, and $652.25, interest to date of judgment. Execution issued on January 12th, 1867.

On — day of ——, 1867, complainant filed his petition in bankruptcy. On October 20th, 1867, Hornesby collected from the deputy sheriff of Henry county $792.50, proceeds of complainant's property sold before application in bankruptcy was filed. On the 14th of November, 1867, Hornesby, combining and confederating with his step-daughter, Ophelia M. Austell, to defraud complainant, took possession of said land and conveyed it to the said Ophelia for the pretended sum of $2,500.00, and placed her in possession.

Subsequently, Hornesby and Weems, assignee in bankruptcy, combined to defraud complainant, and said Weems, for no consideration, conveyed, by written agreement, to the said Hornesby, all the interest which complainant had in said land. Thereafter, on February 3d, 1868, said Hornesby required W. H. Smith, security, to settle up the balance due on said *fi. fa.*, and transferred the same to him. On October 7th, 1871, W. H. Smith, security, transferred the *fi. fa.* to one W. J. Smith, of Henry county, who took the same fully informed of the equity of complainant. About the — day of November, 1871, he caused the same to be levied on said land.

On May 2d, 1872, complainant filed his bill in Henry county, alleging aforesaid facts, and that complainant, since date of transfer of bond for titles by Weems, assignee, has withdrawn from bankruptcy. Prayed relief and injunction.

Said bill remained in court until October adjourned term, 1873, at which term it was ordered to be dismissed, because the right of action of complainant was barred by the statute of limitations, and because the superior court of Henry county had no jurisdiction. This judgment was reversed on first ground, and affirmed on last. (See 53 *Ga.*, 182.)

Ophelia M. Austell, now Gormon, with her husband, Jas. M. Gormon, have been in possession of said land from November 14th, 1867, to present time, of yearly value, for rent, of $500.00. Complainant is ready and willing to pay the balance of the purchase money due on said execution, and tenders it. The land, if sold with present cloud upon title, will bring comparatively nothing.

Prays as follows:

1. That W. J. Smith be enjoined from proceeding to sell said land under the aforesaid levy, until a hearing can be had on this bill.

2. That the deed made by Hornesby to Ophelia M. Austell be set aside.

3. That the transfer of the bond for titles made by Weems, assignee, to Hornesby be vacated.

4. That complainant have a general judgment against Hornesby, Ophelia M. and her husband, James M. Gormon, for $3,000.00 for rent.

5. That W. J. Smith be decreed to accept the sum of money due on said execution, which is tendered, and to deliver up the same to be entered satisfied.

6. That Hornesby be decreed to execute to complainant a good and sufficient warranty deed to the land, and that complainant have a writ of possession for the same.

7. Prays subpœna and general relief.

Subsequently complainant amended his bill substantially as follows:

Since the filing of the bill, the defendants have answered setting up that, at the time said Ophelia M. purchased the land from Hornesby, she had no notice that complainant had any equity in, or claim to, the same. Complainant, therefore, insists that if she purchased in good faith and without notice, that complainant would be entitled to recover of Hornesby the $1,500.00 paid him in the first instance, with interest thereon; also, $792.50 collected by Hornesby on his execution, with interest thereon, less the value of the rents during the period complainant had the same in possession; also, the amount due on said execution, now held by W. J. Smith against complainant, unless the said Hornesby shall, within a reasonable time after the rendition of a decree in this case, procure said execution to be entered satisfied and returned to the proper court.

Prays as above indicated, and for general relief.

To this bill were attached the following exhibits:

1. Execution therein referred to with following entries:

(*a*) Receipt of plaintiff's attorney for $792.50, amount realized from sale of debtor's property, of date October 24th, 1867.

(*b*)              " GRIFFIN, GA., December 25th, 1867.

" This execution settled this day by mutual consent, with the exception of $158.00 now due and unpaid on this *fi. fa.*

[Signed]                    " SAMUEL C. WEEMS,

                                      " Assignee.

                         " F. S. FITCH,

                             " Attorney for Hornesby."

. (*c*) " This balance settled by W. H. Smith, security, February 3d, 1868.

. [Signed]                    " JOSEPH HORNESBY."

(*d*)  " I, W. H. Smith, security, transfer the within *fi. fa.* to W. J. Smith, without recourse on me. This October 7th, 1871.

[Signed]                    " W. H. SMITH."

2. Deed from Hornesby to Ophelia M. Austell.

3.                    "District Court of United States,
                     "For Northern District of Georgia,
                          "Griffin, November 27th, 1867.

"In person appeared before me, Alexander Murray, register, Robert P. Smith, who being duly sworn, saith, that since he filed his application in bankruptcy, he has lost a note for $21.00, signed by Mr. Leak, which is embraced in schedule *B*, *a*, a part of the assets mentioned, and that he has been unable to find it.   Deponent further swears that the bond of Joseph Hornesby, of Campbell county, as described, was also taken, or mislaid, during the Sherman raid, and he has been unable to find it.                  "Robert P. Smith.

"Sworn to and subscribed before me this 27th November, 1867.                          "Alexander Murray,
                              "Register in Bankruptcy."

"At Griffin, on the 2d of December, 1867, this day, I transfer to Joseph Hornesby, of Campbell county, in lieu of a bond held by R. P. Smith, the above indenture.   Said bond was given by Joseph Hornesby to W. H. Smith, and transferred by him to Robert P. Smith.

[Signed]                 "Samuel C. Weems, Assignee."

On demurrer, the bill was dismissed as not entitling complainant to the relief prayed for, or any other.

To this ruling complainant excepted.

L. S. Roan; Jackson & Lumpkin, for plaintiff in error.

Thomas W. Latham; George N. Lester, by brief, for defendants in error.

Bleckley, Judge.

When, at the time of the adjudication in bankruptcy, the bankrupt is the owner of a bond for titles to land, with the purchase money partially paid, his assignee, as a general rule, succeeds to his interest in the bond and in the land. If the assignee, while in office, convey, in writing, to the

maker of the bond, "all the interest, right and title" which the bankrupt had in and to the land, the bankrupt cannot, afterwards, maintain a bill, in the state court, for specific performance of the contract to convey according to the bond, or for compensation in damages for a breach of the condition. It will make no difference that the bill alleges that the transaction between the assignee and the obligor was unlawful, fraudulent, and without consideration. Nor will it aid the complainant that he avers, in his bill, that he had alleged in a previous bill, filed for the same object, that he had withdrawn from bankruptcy, he not directly averring in the present bill that he had withdrawn, and not pleading or exhibiting any judgment of the court of bankruptcy permitting him to withdraw. And, moreover, it not appearing either that the land or the bond was assigned to the complainant as exempt in bankruptcy, or that his other assets were sufficient for the discharge of all his debts. Although the assignee, as well as the obligor in the bond, is a party defendant to the bill, the court below was right in sustaining the demurrer; as, on the facts alleged, the jurisdiction to call the assignee to account for mal-administration, is in the court of bankruptcy, if anywhere. Difficulties in the case on account of the lapse of time, etc., need not be considered, inasmuch as the judgment finally disposing of the bill, on demurrer for want of equity, is affirmed for the reason stated above.

Judgment affirmed.