THE CITY OF ATLANTA *v*. THE FIRST METHODIST CHURCH

Where upon a bill brought by the trustees of a church, for injunction against the enforcement by a city of an execution issued to collect. an assessment for street improvement, a judgment denying the injunction was rendered, and thereupon a bill of exceptions to this court was taken by the complainants, on the hearing of which it was decided, as a question of law, that the city had no authority to enforce the execution and that the injunction should have been granted, this decision, covering the whole case, was a final adjudication, the effect of which was to require a decree perpetually enjoining the city from further proceeding with the execution. No new fact having been brought into the case after this decision, nothing was left for jury trial. Although the order of the superior court denying the injunction was interlocutory, the judgment reversing it decided the question of law upon which the whole case rested.

October 11, 1889.

Injunction.    *Res adjudicata.*    Practice.    Before Judge MARSHALL J. CLARKE.   Fulton superior court. March term, 1889.

For report of the facts, only reference to 76 *Ga.* 182, is necessary.    After that decision, there was a trial before a jury; and after the introduction of evidence by both sides, the judge directed a verdict in favor of the church trustees.    That such direction was erroneous, and that the verdict was contrary to law and evidence, were the grounds of a motion for a new trial made by the city.    The overruling of this motion was excepted to.

J. B. GOODWIN and J. T. PENDLETON, for plaintiff in error.

HOWARD E. W. PALMER, *contra.*

BLANDFORD, Justice.

When this case was here before, it having been brought here by the defendants in error, (76 *Ga.* 181,) the main question decided and adjudicated by this court as a question of law was, that the city of Atlanta

had no authority, under its charter or the amendments thereto, to issue executions against property of the defendants in error for assessments made by the city for improvements in paving the public street alongside of such property, it appearing that the property thus assessed, and against which the executions were issued, was used exclusively by the defendants in error as church property for purposes of divine worship; and the judgment of the chancellor refusing to grant an injunction to stay these executions was reversed upon that ground alone. This decision went to the whole case, and being rendered by the court of last resort, was a final adjudication of this case. The effect of the decision and judgment of this court was to authorize and require the chancellor to decree a perpetual injunction against the further proceeding of these executions. When the case came up in the court below to be tried by a jury (which was unnecessary), there was no fact, new or otherwise, brought into the case other than was in the case when it was before this court at the first hearing. There was really nothing for a jury to try, and the order and direction of the court below instructing the jury to find for the defendants in error was not error.

It is insisted here by counsel for the plaintiff in error that the first judgment of this court reversing the court below, was not *res adjudicata*, inasmuch as the judgment reviewed here was the refusal of the court to grant an interlocutory order for injunction. Where the whole case is adjudicated by this court upon a question of law, the judgment is a final judgment, and is not the subject-matter of review in that case. The Supreme Court of the United States, in Commissioners, etc. *v* Lucas, 93 U. S. 113, determined, in a case which originated in the State of Indiana, where the Supreme Court of that State had reversed the circuit court for granting an injunction, and the decision of that court was

upon a question of law as to the constitutionality of a certain act of the legislature of that State, which went to the whole case, that that decision was final and could be reviewed by the Supreme Court of the United States. The contention there was that the Supreme Court of the United States had no jurisdiction, because the judgment of the Supreme court of Indiana, reversing the judgment of the circuit court and directing the dismissal of an injunction, was the judgment of a higher court upon the action of a lower court which had granted an interlocutory degree.

This doctrine is also treated in Wells on *Res Adjudicata*, p. 364, §441. Indeed it would seem to be self-evident, without the citation of authorities, that the former judgment of this court in this case between the same parties, which judgment determined the law of the case against the plaintiff in error, would be a finality. The defendants in error sought a perpetual injunction; the court below refused to grant the injunction, upon the ground that the city had the right to make these assessments and issue these executions. This court reversed that judgment of the court below, and the only question in the case is as to the power of the city of Atlanta to make these assessments, and to issue execution against the property of the defendants for the collection of the same. When, therefore, this court determined that no such power or authority resided in the city of Atlanta by virtue of the laws of this State, it decided the whole case between these parties. Hence we decline to go into the present record, and we hold that the whole matter between these parties has been adjudicated.

It may be that counsel for the plaintiff in error misapprehended the former adjudications of this court. It has been said that the decision of the superior court upon an interlocutory decree by the judge of that court,

is not final, and is not conclusive between the parties when the case comes up for final hearing ; but when the decision of the inferior tribunal in an interlocutory proceeding is brought to this court, and the whole case is before this court as to whether, under the law, an injunction or receiver or anything of that sort should be granted or refused, and this court determines, upon the whole law of the case, that the injunction shall be granted or refused, that is a final adjudication of the case. It is not interlocutory as to this court. It is interlocutory as to the superior court, because the judge of that court may or may not grant an injunction, according to his discretion. The facts may be in controversy, and various things may occur which would make it proper to award or refuse it in the first instance ; and where it is a matter of discretion in the superior court, the mere holding by this court that such discretion was not abused, would not be a final adjudication of the case. But when the case rests upon a question of law which goes to the whole case, as it did in this case,—that is, whether the city of Atlanta had authority to make these assessments and issue execution against the trustees of this church, and that question is determined by this court, it is a final adjudication upon the whole case. There was nothing left for the court below but to have decreed, upon a return of the *remittitur*, that a perpetual injunction should issue restraining the defendant in error in that case from proceeding further against the property in question to collect these executions.                    *Judgment affirmed.*