## INGRAM *et al.* v. TRUSTEES OF MERCER UNIVERSITY *et al.*

| 102 | 226 |
|-----|-----|
| 115 | 92 |
| 115 | 139 |
| 102 | 226 |
| 116 | 41 |
| 102 | 226 |
| 119 | 631 |
| 102 | 226 |
| 121 | 10 |
| 102 | 226 |
| d130 | 512 |

1. Under the decision of this court in the case of *City of Atlanta* v. *First Methodist Church,* 83 *Ga.* 448, a judgment of a trial court granting or refusing an injunction, when the same depends entirely upon a question of law, is, upon its affirmance by the Supreme Court, a final adjudication of such question.

2. Accordingly, where the granting or refusal of an injunction depended entirely upon the construction of a will, and the trial judge, with the proper parties before him, granted the injunction, his judgment, upon being brought to this court, presented for review a pure question of law, and the affirmance of that judgment finally settled and adjudicated the true meaning of such will, and the same is no longer open to question, either in the trial court or in this court.

3. In view of the foregoing, there was no error in the judgment complained of in the present case.

Argued July 6, — Decided August 10, 1897.

Equitable petition. Before Judge Lumpkin. Fulton superior court. September term, 1896.

*J. M. Terrell* and *Marshall J. Clarke,* for plaintiffs in error.

*Hardeman, Davis & Turner, W. B. Willingham* and *E. W. Martin,* contra.

SIMMONS, C. J. When this case was here before (98 *Ga.* 320) this court decided that, under the sixth item of the will involved, only those nephews and nieces of the testator who were living at the time of his death were entitled to the lega-

cies mentioned in that item, and that the children or grand-children of those nephews and nieces who had died prior to the death of the testator were not entitled to the legacies of their deceased parents, and that therefore the court below did not err in enjoining the executors from paying the legacies to these grandnephews and grandnieces. When the case was called for the final trial, Ann Ingram for herself, and Samuel Bullock as guardian of his four children, Alice, Oscar, Cyprion and Ida May, were made parties defendant, with leave by appropriate pleadings to set up their rights therein as against both plaintiffs and defendants. Ann Ingram alleged that she was the daughter and only child of Isaac Griffin who was a nephew of the testator, and that as the daughter of such nephew she was entitled under the sixth item of the will to the legacy therein bequeathed. Bullock alleged that his wards were the only children of Ida Bullock who was a niece of the testator and who was dead at the time of the testator's death, and that they were entitled to the legacy mentioned in the sixth item of the will, as the children of their deceased mother; and prayed that the executors be decreed to pay to them the legacy so bequeathed.

The original petition filed by the trustees against the executors prayed discovery of the names and number of the nephews and nieces and grandnieces and grandnephews of the testator, who claimed legacies as heirs of their deceased parents, the nephews and nieces of the testator. The answer of the executors set out the number and names thus called for, and among them will be found these plaintiffs in error as persons who were claiming legacies under the will. The trial judge declined to grant the decree asked for by these persons, and held that the decision of this court was final as to the law of the case and that he was bound thereby. He directed a verdict accordingly, and entered up a decree in conformity therewith. To this ruling, verdict and decree these new defendants excepted.

Counsel for plaintiffs in error claimed that the judgment of this court, when the case was here before upon the interlocutory injunction, was not a final judgment but merely ad-

visory to the court below, and that that court could still disregard it, and that this court was not bound by it as a final judgment in the case. They admitted that this court, in the case of *City of Atlanta* v. *First Methodist Church*, 83 *Ga.* 448, had decided to the contrary of their contention, but claimed that that decision was erroneous and asked leave to review it and have it reversed. Leave was granted to review it in the argument before the court as a whole; but upon a careful consideration of that case and of other cases similar thereto which will be mentioned hereafter, a majority of the court declined to reverse it and determined to adhere to it. This court held in that case, in substance, that where the whole case is adjudicated by this court upon a pure question of law, the judgment is final and is not the subject-matter of review in that case.

Under the equity practice which has prevailed in this State since the passage of the act of October, 1870 (Civil Code, §§ 5540, 5558), we think that decision is sound and proper. Under that act many cases are brought to each term of this court, which involve no questions but those purely of law. The trial judge passes upon the same, and either grants or refuses an injunction. For a speedy determination of the matter, the law provides a "fast" writ of error to this court, and further provides that this court shall advance the same upon its dockets, when requested so to do by either party. This has been the practice since 1870; and as far as we know or can ascertain from consulting our reports, the decisions of this court made upon pure questions of law, upon interlocutory injunctions, have been always regarded as final and controlling upon the trial judge on the final trial before a jury. If it were not so, a great burden has been unnecessarily placed upon this court. A great many of the cases upon these fast writs of error are brought here upon questions purely legal, and this court spends hours, days, and even weeks in investigating those questions; and to say that after all of this labor a decision made in such a case is merely advisory and does not bind the trial judge or this court in the subsequent litigation between the same parties, seems to us to be absurd. Duing this term of court a case

was brought here from the city of Augusta, involving the acts and contracts of the city and of a street-railway company in that city, under the charter of the city and of the railway company, and certain contracts entered into by the city, the street-railway company and certain steam-railroad companies whose lines ran into the city, involving only the construction of these charters and of these contracts, matters not of fact but of pure law. The decision of these questions occupied this court for days, in order to arrive at the proper construction of the law upon the charters and contracts. According to the contention of counsel for plaintiffs in error, when this case is called for final decree in the superior court, the judge thereof can treat this decision as a nullity, and if the case be brought again to this court, the same grounds may be insisted upon and we will not be bound by the law as declared in that case. Other cases involving the legality of the issue of bonds by counties and municipalities have also been here and have been determined by this court. In some of these cases the court has sustained the legality of the issue, and the counties and municipalities have acted thereon before final decree; bonds have been placed upon the market and sold to innocent purchasers. Yet, according to the contention made, if, upon the call of the case for final decree, the objectors to the issuance of the bonds again make the same questions, and, if overruled, bring them here, this court, if the members thereof have been changed or if the same members have changed their minds, can declare the issuance of these bonds invalid. Such a ruling would work great hardship upon innocent persons who had acted upon decisions of this court, and would, in our opinion, be monstrous. Other kinds of cases, such as the construction of wills, marriage settlements and deeds, might be mentioned, but we deem it unnecessary.

It was said in the argument by learned counsel for the plaintiffs in error, that the case sought to be reviewed was the only one ever decided by this or any other court that made the judgment of the appellate court upon an interlocutory injunction final. As to what has been decided by other courts and the practice therein as to the finality of judgments upon

these proceedings we have not inquired; but as to the decisions of this court the learned counsel are in error as to the case in 83 Ga. 448, being the only one decided by this court. In looking into the decisions of this court prior to the one under review, we find many announcing in effect the same principle.

The case of Guess v. Stone Mountain Granite & Railway Co., 67 Ga. 215, was an application for an injunction by certain property-holders against the railway company, to enjoin it from running through a certain street in the town of Stone Mountain. This court held that the railway company had the right under its charter to run its road from the town of Stone Mountain to the quarries of the mountain itself and to connect with another railroad; and affirmed the judgment of the court below in refusing an injunction. When the case came on for final decree in the same court, the trial judge followed the law as laid down by this court in its judgment upon the interlocutory injunction. The case was again brought here, and it was held by this court (72 Ga. 320) that "The judgment rendered in this case when formerly before this court estopped the respondents from contesting the right of the company to use this street for the purposes of its road, as well as from calling in question the power of the town council to enter into a contract with the company, authorizing it."

In the case of Iverson v. Saulsbury, Respess & Co., 68 Ga. 790, it appeared that Iverson, as trustee for his wife and her children, obtained an order from the judge at chambers, allowing him to mortgage the trust property for the purpose of supporting and maintaining the cestuis que trust. When it was sought to foreclose this mortgage, the cestuis que trust filed a bill asking an injunction against the foreclosure, upon grounds therein set out. Upon a demurrer the bill was sustained, the case was brought to this court, and a majority of this court held, Jackson, C. J., dissenting, that "While a chancellor sitting at chambers, on full notice to all parties, may order a sale of trust property, he has no power to grant authority to a trustee to mortgage a trust estate, and a mortgage so given will not bind the cestuis que trust." When the case came on for final trial in the superior court, the trial judge followed the

ruling of this court. The case was again brought here on that and other matters; and this court held that it was bound by the former decision, that "although the present bench disapprove of the majority decision stated, it is binding in this case." In the opinion it is said: "Whether this decision be right or wrong, it is the law of the case; it is res adjudicata." The ruling in the previous case was declared to be the law of the case, although in *Weems* v. *Coker*, 70 *Ga.* 746, the court had disapproved and expressly overruled the principle laid down in 68 *Ga.* 790. While it was not the law of the State at the time the second case (*Saulsbury, Respess & Co.* v. *Iverson*, 73 *Ga.* 733) was decided, yet it shows that this court felt bound to enforce the law as decided when the case was first here on the injunction. They ruled that while not the law generally, it was the law of that particular case.

In the case of *Bailey* v. *Ross*, 68 *Ga.* 735, a bill was filed to enjoin an administrator from selling certain lands, on grounds stated in the bill. The court refused the injunction, the case was brought here, and this court affirmed the ruling of the court below, laying down the law of the case. The same case, between the same parties, was again brought to this court (71 *Ga.* 771), when it was ruled that the law as laid down when the case was first here was binding.

In the case of *Conyers* v. *Gray*, 67 *Ga.* 329, Conyers was administrator de bonis non of an estate. Gray had been attorney for the predecessor of Conyers, and as such attorney had in his hands a large sum of money belonging to the estate. Conyers filed against Gray a bill of ne exeat, seeking to restrain him from leaving the State until he had paid the money. Gray set up certain claims against the fund and certain reasons why he should not pay it over to Conyers. The trial judge refused to grant the writ, the case was brought here, and the judgment was reversed, the court ruling the law as to the liability of Gray for the money. The case again came to this court (70 *Ga.* 349), when it was held, "So far as this case involves the questions decided when it was here before, it is res adjudicata.

In *Smith* v. *Hornesby*, 58 *Ga.* 529, Smith filed a bill seeking

an injunction. On demurrer the bill was dismissed as not entitling complainant to the relief prayed or to any other. This decision of the court below was affirmed by this court. The same case was again brought up (70 *Ga.* 552), and this court ruled that the decision made in the prior case was binding in this, and that the points there decided were res adjudicata.

In the case of *Mayor etc.* v. *Simmons*, 96 *Ga.* 477, it appears that Simmons and others sought an injunction against the mayor and council to restrain them from doing certain acts in maintaining the public schools of the city. The judge below granted the injunction in part and refused it in part. His decision was brought here, and this court determined the law of the case. It was again brought here, and this court held, Mr. Justice Atkinson delivering the opinion of the court, that "the decision rendered in this case when last before this court is controlling upon all the questions made under the present writ of error, and a re-examination of them would, therefore, be unprofitable and unnecessary." 99 *Ga.* 400.

This court, as now constituted, has recognized and adopted the principle as laid down in the case under review. The case of *National Bank of Athens* v. *Carlton*, 96 *Ga.* 469, was brought here upon an interlocutory injunction. This court, then composed of three Justices, announced the rules of law which should govern and control on the final trial. On the final trial the court followed these instructions, the case was again brought here, and at this term of court the whole bench ruled as follows: "The principles of law governing this case having been settled when it was here before and the court having charged the jury in accordance therewith, and the jury having, upon sufficient evidence, rendered a verdict for the defendant, there is no legal reason why the verdict should be disturbed."

Other cases might be cited, but these seem sufficient to show that the principle announced in the case under review is not a new one, but one which has been frequently announced by this court.

The fact that these new parties have been added by amend-

ment makes no difference in the application of the principle announced. They were represented by the executors when the case was here before. The executors insisted in their answer to the petition that these identical persons were entitled to the legacy, and, as before recited, named them in their answer. This is such a plain proposition that we deem it unnecessary to cite authorities to sustain it. Indeed, the able counsel for plaintiffs in error admitted in their arguments before us that unless the case in the 83 *Ga.* 448, were overruled, these new parties would be bound by the judgment in the former case.

*Judgment affirmed. All the Justices concurring, except Atkinson and Little, JJ., dissenting.*