GERÓNIMO VALLECILLO, Plaintiff and Appellant, *v.* TEODORO VIDAL SÁNCHEZ ET AL., Defendants and Appellees.

No. 4784. Argued January 24, 1930.—Decided July 10, 1930.

*Jaime Sifre Jr., Horacio Franceschi* and *Diego O. Marrero* for appellant. *Henry G. Molina* and *Pellón & Ayuso* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Gerónimo Vallecillo instituted a suit for an injunction against Teodoro Vidal. The defendant appealed and, after full argument of the case in this court, the order appealed from was modified and the defendant was allowed to continue the work provided he raised a wall obstructing the direct views over the tenement of the plaintiff. *Vallecillo* v. *Vidal et al.*, 33 P.R.R. 325, 328.

The question which was considered and decided by this court as involved in that case, was that of fixing the scope of section 589 of the Civil Code, which prohibits the construction of windows or balconies or similar projections which directly overlook the adjoining property of another unless there is a distance of two meters between the wall in which they are built and such adjoining property.

In consequence of the decision in that case the following doctrine was established in this jurisdiction:

"Windows, balconies or similar projections may be built within less than two meters from a neighbor's property provided a wall is also built preventing direct view or inspection of the adjoining property."

The case was remanded to the district court, where further proceedings were had until a final judgment was rendered. When the case was called for final hearing, the following incident occurred, as appears from the record:

"STIPULATION

"Upon the case being called for trial on its merits, the parties announced that they were ready and that both the plaintiff and the defendant submitted the case upon the same evidence introduced at the hearing on the preliminary injunction which was held on December 19, 1923, as the same appears from the stenographic record prepared by stenographer José Morales Díaz on February 20, 1924.

"Attorney Sifre.—It being understood, of course, that in addition to the testimony, the court will consider the documentary evidence, that is, the exhibits, which exhibits are kept in the Supreme Court; but the parties will file a motion in the Supreme Court for the return of those documents to the district court.

"Now, really the only thing that remains in this court to be done is the rendering of a final judgment in accordance with the pronouncements made by the Supreme Court of Puerto Rico. If the attorney for the other party wishes to submit evidence, I have no objection. Of course, it is my opinon that, even if such evidence were submitted, the court would reach the same conclusion required under the terms of the decision of the Supreme Court. With that addition, I accept the stipulation.

"Attorney Molina.—In view of the statements made by the other party, is it understood that he does not submit any evidence?

"Attorney Sifre.—No, Sir.

"Attorney Molina.—We reproduce all the evidence heretofore introduced in court, and as supplementary evidence we ask leave of the court to introduce the testimony of the defendant, Mr. Vidal, establishing the fact that, after the rendition of this judgment, he proceeded to raise the wall exactly in the manner and form which he stated in his answer he proposed to do, and just as he was doing when the injunction was issued."

Accordingly, the only evidence introduced was the testimony of defendant Vidal, which dealt with the particular referred to in the stipulation.

The court by its judgment declared the law and the facts to be in favor of the defendants and dismissed the suit, allowing costs and expenses against the plaintiff but without including attorney's fees.

The plaintiff thereupon took the present appeal. He assigns in his brief three errors as follows: (1) In failing to apply as the law of the case the doctrine established by the Supreme Court in *Vallecillo* v. *Vidal et al., supra;* (2) in denying the petition for an injunction as prayed, and (3) in imposing the costs on the plaintiff.

In view of the conclusion we have reached regarding the case it will be unnecessary to consider the third assignment of error. The first two assignments will be considered and decided jointly and our determination thereof will include the determination of the third assignment.

In view of the attendant circumstances herein, there is no doubt in our minds that the law of the case became

established by this court on the appeal taken from the order granting a preliminary injunction.

That conclusion is so clear, that it needs no support from any citation of jurisprudence. However, by way of illustration upon the point, we will reproduce here two of the citations included in the brief of the appellant. They are as follows:

"It is a general rule that the decision of an appellate court is the law of the case in further proceedings in the cause in the trial court and in all subsequent stages of the action or proceeding. The rule is especially applicable where the appellate court has remanded the cause with specific direction as to the steps to be taken by the lower court; and such rule holds good regardless of whether the decision of the appellate court is right or wrong, it being said that it is only where the decision is deemed erroneous that the doctrine of 'the law of the case' becomes at all important. The lower court cannot rehear or reconsider the matters decided by the appellate court, and it is the duty of the lower court to follow the decision of the appellate court, its action being deemed erroneous when at variance with the decision, and not erroneous in this respect when in accord therewith. Stated in another way, the rule is that matters once determined by the appellate court cannot, after remand, be again raised and relitigated in the lower court. A decision of the supreme court of a territory on appeal is the law of the case on retrial after statehood; and where an appeal to the United States supreme court has been dismissed, the decision of the highest court of the state is the law of the case in subsequent proceedings in the trial court." 4 C. J. 1213.

"Counsel for plaintiffs in error claimed that the judgment of this court when the case was here before upon the interlocutory injunction was not a final judgment, but merely advisory to the court below, and that that court could still disregard it, and that this court was not bound by it as a final judgment in the case. They admitted that this court, in the case of City of Atlanta v. First Methodist Church, 83 Ga. 448, 10 S. E. 231, had decided to the contrary of their contention, but claimed that that decision was erroneous, and asked leave to review it and have it reversed. Leave was granted to review it in the argument before the court as a whole, but upon a careful consideration of that case, and of other cases, similar thereto, which will be mentioned hereafter, a majority of this court declined to reverse it, and determined to adhere to it. This court held in that

case, in substance, that where the whole case is adjudicated by this court upon a pure question of law, the judgment is final, and is not the subject-matter of review in that case; . . . This has been the practice since 1870, and, as far as we know or can ascertain from consulting our Reports, the decisions of this court, made upon pure questions of law, upon interlocutory injunctions, have been always regarded as final and controlling upon the trial judge on the final trial before a jury." *Ingram et al.* v. *Trustees of Mercer University et al.,* 29 S. E. 274.

From a consideration of the opinion filed by the district court, we think that that court really did not mean to disregard the law of the case. Apparently the trial judge meant to apply that law bearing in mind that the condition imposed by the Supreme Court had been complied with by the defendant in building the wall which obstructed the direct view and inspection of the plaintiff's property from the defendant's balcony.

However, there are other circumstances to be taken into consideration. In the case of *Vallecillo* v. *Vidal, supra,* this court said (p. 328):

"The appellee, sustained by the authorities cited but departing perhaps form the real intention of the law-makers, insists that if the restraining order is not maintained the plaintiff will have no guaranty that the defendant will complete the wall or that it will not be destroyed later, in which case the plaintiff would have to bring another suit to protect a right which should have been respected from the start. This argument would have great strength if the injunction did not cover such future possibilities. The failure to complete the wall or its destruction after completion would be contingencies tacitly included in the injunction. Acts of that nature would amount to a disobedience of the writ of injunction, and if the preliminary writ should be made perpetual the defendant would be subject in the future by this proceeding to a restriction of all acts that might be contrary to the provisions of section 589 of the Civil Code.

"For all of the foregoing reasons the restraining order of February 5, 1924, should be *modified* so as to allow the defendant to continue the work, providing that the wall obstructing the direct views over the property of the plaintiff be completed, the said injunction *to remain in force* for any of the cases foreseen in this opinion."

It can not be denied that it was by reason of the injunction that section 589 of the Civil Code was construed as above stated, and that the building of the wall by the defendant pending the suit must be considered, if at all, on the basis of its having been undertaken in pursuance of the order granting the preliminary injunction which was modified in that sense on appeal, but allowed to stand as to its other pronouncements.

Therefore, we think that the appellant is right when he says in his brief:

"So the trial court should have rendered a final judgment allowing the right of the defendant to maintain the balcony as it stood but imposing upon him the obligation to maintain the wall which prevented the view, while acknowledging the right of the plaintiff to require at all times the performance of that obligation without the necessity of resorting to further judicial proceedings, which was precisely what the Supreme Court ruled regarding the preliminary injunction.

"In the form that the final judgment has been rendered the defendant would not be disobeying it if in the future he should take down the wall, and the plaintiff would be left without any protection within this proceeding."

The order appealed from must be reversed and another rendered instead allowing the defendant to maintain his balcony, provided he likewise maintains the wall raised by him, all without special imposition of costs.

Mr. Justice Texidor took no part in the decision of this case.