ELYEA INCORPORATED *v.* CENKER *et al.*

No. 11524. FEBRUARY 11, 1937. REHEARING DENIED MARCH 13, 24, 1937.

*Watkins, Grant & Watkins,* for plaintiff in error.

*Little, Powell, Reid & Goldstein, James K. Rankin,* and *Frank Carter,* contra.

RUSSELL, Chief Justice.  ■  Under the decision of this court in *City of Atlanta* v. *First Methodist Church,* 83 *Ga.* 448 (10 S. E. 231), an interlocutory judgment granting or refusing an injunction, when the same depends entirely upon a question of law, is, upon its affirmance by the Supreme Court, a final adjudication of such question. *Ingram* v. *Trustees of Mercer University,* 102 *Ga.* 226 (29 S. E. 273), and cit.; *Georgia Ry. &c. Co.* v. *Decatur,* 153 *Ga.* 329 (111 S. E. 911); *City of Atlanta* v. *Smith,* 165 *Ga.* 146 (140 S. E. 369).

■  When this case was here before (*Elyea Inc.* v. *Cenker,* 182 *Ga.* 287, 185 S. E. 253), the law of the case upon the present appeal was fixed, at least in so far as applicable to the parties in the cause. *Western & Atlantic R. Co.* v. *Third National Bank,* 125 *Ga.* 489 (54 S. E. 621); *Southern Bell Telephone &c. Co.* v. *Glawson,* 140 *Ga.* 507 (79 S. E. 136); *Georgia Ry. &c. Co.* v. *Decatur,* supra; *Towers* v. *City Land Co.,* 159 *Ga.* 486 (125 S. E. 837).

■ The controlling question of fact in the trial now under review was whether a tax deed was void because the levy of the tax fi. fa. was excessive. The substantial facts are stated in 182 *Ga.*, supra, and the evidence on the trial now under review did not materially differ therefrom. Upon the above point the plaintiff introduced a number of witnesses whose testimony tended to show that the property levied on was capable of division, that the value of the property which was in fact levied on was many times in excess of the tax fi. fa., and that there was unimproved property in the rear of a valuable brick building, and had it alone been levied on it would have been sufficient to have paid the tax execution. The defendant introduced no testimony whatever; and so a verdict for the plaintiffs was demanded, and any of the alleged errors in the charge to the jury, of which complaint is made in the motion for new trial, are ineffective. See *Peoples Savings Bank* v. *Smith,* 114 *Ga.* 185 (4) (39 S. E. 920). The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

ON SECOND MOTION FOR REHEARING.

RUSSELL, Chief Justice. It is insisted in a second motion for rehearing that excessive levy was not an issue in the case under the evidence, because there was no evidence to show that the property levied on was capable of being so subdivided that a part thereof less than the whole could have been levied on and sold for an amount sufficient to satisfy the tax execution; and that this court erroneously held that the evidence showed that the property levied upon was capable of being subdivided. In this case the jury returned a verdict in favor of the defendant in fi. fa., and found that the levy of the tax execution was excessive, because the property was capable of being subdivided. In the ruling complained of this court was merely holding that the verdict was authorized by the evidence. One witness testified that the rear portion of the lot levied on, 23 by 30 feet, was separate from the store building, that it was worth approximately $150, and that it was accessible through an alleyway. The defendant in fi. fa. testified that the rear portion of the lot was not essential to the store, was not used by the store, and was not needed for that purpose; that this portion of the property could be used for a parking lot; that he had intended to so use it; that running along a portion of the

property was an alley which was likewise owned by him; and that the market value of this portion of the property (not occupied by the store building) was $250 to $300. Another witness testified that the rear portion of the lot was capable of being used separately from the other property, and that the present alley could be used. It follows that the verdict was not without evidence to support it, and was not contrary to law; and under the previous decision in this case no error of law appears, and the judge did not err in overruling the motion for new trial. *Rehearing denied.*