19385. SANDERSVILLE RAILROAD COMPANY *v.* GILMORE.

MOBLEY, Justice. Mrs. Winifred R. Gilmore brought her petition against Sandersville Railroad Company in the Superior Court of Washington County, alleging that said company is a railroad corporation chartered by virtue of an act of the General Assembly of Georgia approved December 17, 1892, under which it was authorized to conduct a railroad

business upon a railroad estimated to be three and one-half miles in length, extending from a point within the City of Sandersville to a point within the Town of Tennille, both situated in Washington County, Georgia; that the railroad company proposes to build and construct a railroad line beginning on the main line of the railroad and extending a distance of almost six miles to the Griner Place and across petitioner's property; that, in order to construct said line on her property, defendant will have to condemn the property for its right-of-way; that the railroad company is without charter or other lawful authority to condemn petitioner's land for said purpose; that the proposed construction is not a relocation or an improvement of the existing railroad; that the railroad company is engaged in leveling land approaching petitioner's property and threatening construction of the railroad, and should not be permitted to expend vast sums of money for the construction of the proposed line when it is without charter authority to do so and has no authority to come upon petitioner's land or to condemn same. Petitioner prayed for a restraining order, restraining the defendant from proceeding with condemnation proceedings and from doing any of the acts or things set forth in the petition. The defendant, in its answer, admitted that it was planning to institute condemnation proceedings against petitioner for said right-of-way over her land if it were not able to purchase the right-of-way, and that it had offered petitioner the fair market value of her property, which she had refused; that under its charter, together with the laws applicable thereto, it had full authority to build the proposed line and that it had obtained permission from the Georgia Public Service Commission to condemn the property of petitioner for the extension of its railroad. The trial judge, on February 11, 1956, entered the following order: "After hearing evidence and argument the prayers of the petition are denied."

On March 30, 1956, the petitioner amended her petition, alleging that on March 13, 1956, condemnation proceedings were served upon her covering the land as described in the original petition; that the defendant had made a tender of money to her, which she refused; that, several days prior to the date of filing of her amendment, she herself had named an assessor in order to avoid having the ordinary name one for her; that she wishes to prosecute her original petition to final judgment and does not wish to participate in the condemnation proceedings, and she has no way of protecting herself unless this court enjoins the condemnation proceedings, which she prays be done. Thereafter, on April 20, 1956, after hearing argument of counsel, the court entered an order enjoining the defendant from the prosecution of the condemnation proceedings, but provided that it might proceed at its own risk with the construction of its railway line across the property of the petitioner, and ordered further that the defendant give petitioner reasonable notice of hearing of condemnation proceedings after final judgment in the case. To said order the defendant excepted and brings the case to this court upon a direct bill of exceptions. *Held:*

The plaintiff in error raises several questions, but we need only deal with the question of whether the order and judgment of February 11, 1956 (the original order in the case), denying the prayers of the petition,

established the law of the case that the petitioner was not entitled to injunctive relief against the condemnation proceedings on the facts existing, as our ruling thereon controls the case.

The sole issue raised by the petition, answer, and evidence, and upon which the trial judge denied the injunction, was that the railroad did not have charter authority to extend its line as proposed and to condemn the petitioner's property for that purpose. There was no issue of fact before the court, as the defendant admitted the allegations that it was planning to condemn petitioner's land and was leveling land on the line approaching her property. The decision, therefore, was necessarily based solely upon the question of law, did the railroad have charter authority to extend its line as proposed and to condemn the petitioner's property? The rule of law applicable under such circumstances is well stated in *Sumner* v. *Sumner*, 121 *Ga.* 1, 10 (48 S. E. 727), as follows: "It has been several times held by this court that where the judgment of the trial judge granting or refusing an interlocutory injunction is based upon a 'pure question of law,' the decision will be res adjudicata on such question on the final hearing; but that the decision of the judge, so far as it was based on discretionary matters, as the finding of the facts from conflicting evidence, will not be binding. Thus, in *Collins* v. *Carr*, 116 *Ga.* 41, Mr. Chief Justice Simmons said: 'If the judgment is not based upon pure questions of law but upon questions of evidence or of law and evidence, it is not binding or controlling upon the final hearing, unless the proof be the same as at the interlocutory hearing. Whenever a judgment depends upon the discretion of the court in deciding questions of law and fact, it is not binding.' See also *City of Atlanta* v. *First Methodist Church*, 83 *Ga.* 448; *Ingram* v. *Trustees*, 102 *Ga.* 226; *Murphey* v. *Harker*, 115 *Ga.* 77, 91; 24 Am. & Eng. Enc. L. (2d ed.) 817; 1 Van Fleet's Form. Adj. § 27. A finding of fact by the judge on an interlocutory hearing does not bind the jury if the evidence is conflicting, but his decision on questions of law will be binding after the facts are found by the jury. If the interlocutory judgment should be carried to the Supreme Court, and there affirmed, its decision on questions of law would be controlling on the final hearing, but the jury would still have a right to find the facts. The trial judge or the Supreme Court can settle the law of the case for all time, but can not tie the hands of the jury with reference to a matter of fact, about which it has as much discretion as did the trial judge on the interlocutory hearing. An order or decree granting temporary alimony is interlocutory in its nature. No decision which the judge may make on a discretionary matter will be binding in subsequent litigation, but only such decisions will be res adjudicata as relate to questions of law unmixed with any issue of fact. Thus, if the judge in the present controversy had, on the hearing of the application for temporary alimony, found that the settlement deed executed by Sumner was void by reason of some defect appearing on its face, that decision, even though erroneous, would have been res adjudicata in the trial of the action for permanent alimony."

This court has repeatedly held that an interlocutory judgment "granting or refusing an injunction, when the same depends entirely upon a question of law, is, upon its affirmance by the Supreme Court, a final

adjudication of such question." *Ingram* v. *Trustees of Mercer University*, 102 *Ga.* 226 (1) (29 S. E. 273); *City of Atlanta* v. *First Methodist Church*, 83 *Ga.* 448 (10 S. E. 231); *Ga. Ry. & Power Co.* v. *Town of Decatur*, 153 *Ga.* 329 (111 S. E. 911); *City of Atlanta* v. *Smith*, 165 *Ga.* 146 (140 S. E. 369); *Elyea, Inc.* v. *Cenker*, 184 *Ga.* 179 (190 S. E. 585); *Dollar* v. *Fred W. Amend Co.*, 189 *Ga.* 654 (7 S. E. 2d 258). A ruling of the trial judge denying an injunction, where based solely upon a question of law, and from which no appeal was taken, would no less establish the law of the case and would be controlling in future proceedings and on the final hearing. While Code § 55-109 provides that "A second injunction may be granted in the discretion of the judge," it does not permit the trial judge on the second application for injunction based upon the same contentions previously made, that the railroad had no charter authority to build the proposed line, to make a ruling contrary to the law established on the previous ruling. The fact that actual condemnation had begun at the time of filing the amendment is not a material change in the facts, for in the original proceedings the railroad admitted that it was planning to condemn the petitioner's property unless she accepted its offer, which she had refused to do, and that it was leveling land on the line of the proposed roadbed approaching her property and was proceeding in the construction of the extension of the railroad. Under that situation, she was entitled to an injunction provided the railroad was without charter authority to build the new line, and had she not asked for relief but sat idly by and permitted the railroad to expend vast sums of money in building the extension to the line of her property before raising objections, she would have been faced with the rule of law that "A party is not entitled to an injunction when, with full knowledge of his rights, he has been guilty of delay and laches in asserting them, and has negligently suffered large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction." *Holt* v. *Parsons*, 118 *Ga.* 895 (1) (45 S. E. 690); *Wood* v. *Macon & Brunswick R. Co.*, 68 *Ga.* 539 (6); *City of Elberton* v. *Pearle Cotton Mills*, 123 *Ga.* 1, 3 (50 S. E. 977); *Ga. Power Co.* v. *Kelly*, 182 *Ga.* 33, 37 (184 S. E. 861).

There being no exception to the order of the trial court entered February 11, 1956, denying the plaintiff's prayers for an injunction, the law of the case became fixed; and there being no additional material facts, and the issue of law being the same upon the hearing on April 20, 1956, it was error for the court to modify its original order by enjoining the railroad from going ahead with condemnation proceedings to obtain rights-of-way to construct its line.

*Judgment reversed. All the Justices concur. Duckworth, C.J., concurs in the judgment of reversal, but dissents in part.*

Argued June 12, 1956—Decided July 10, 1956.

■■■■■■■■■■■■■■■■

*B. D. Murphy, John B. Harris, Jr., D. E. McMaster, W. C. McMillan, Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*Ruth C. Burns, E. T. Averett,* contra.

DUCKWORTH, Chief Justice, concurring specially. I concur in the judgment of reversal because it is my opinion that, under Code § 94-321, the railroad had the lawful right to construct the road here contemplated under its charter. I dissent from the ruling of the majority that the mere refusal to grant an interlocutory injunction was an adjudication that the railroad had the right to construct the road and is the law of the case.