20222, 20230. VEAL *et al. v.* RINER *et al.;* and *vice versa.*

MOBLEY, Justice. After hearing evidence at an interlocutory hearing on a petition brought by Thomas E. Veal and American Oil Company against Barney Riner and J. W. Brown, in Washington Superior Court, seeking a temporary and permanent injunction, the trial court entered an order providing: " . . . that for the purpose of this hearing, Thomas E. Veal is held to be a tenant at will of Barney Riner, and that the restraining order as granted by this court on June 11, 1958, shall remain in full force and effect until the giving of two months' notice by the said Barney Riner to Thomas E. Veal to vacate the property as described in Exhibit 'A', attached to the petition, the two months' period to commence on the first of the month after the giving of such notice." The plaintiffs except to that portion of the order

holding that Veal is a tenant at will of Riner and continuing the restraining order granted at the time of the filing of the petition until after the giving of two months' notice by Riner to Veal to vacate the premises, contending that the temporary injunction should have been granted unqualifiedly and without reservation. The defendants in their cross-bill except to that portion of the judgment continuing in effect the restraining order until after the giving of two months' notice to vacate, contending that it was error to grant any injunction at all. The petition alleges in substance that the plaintiff Veal was lessee of a described filling station from the defendant Riner under a lease which expired February 1, 1958, but which he had renewed by complying with a provision in the lease giving him an option to renew for an additional five years; that the defendant Brown, who has been operating the station for the plaintiff Veal and selling products of the plaintiff American Oil Company, and the defendant Riner are conspiring together to defeat Veal's occupancy of the premises and the sale of American Oil Company products by entering into a rental contract of the premises and are threatening to discontinue the sale of American Oil Company products and to sell another brand of gasoline, to remove signs and other personal property of the plaintiffs, Veal and American Oil Company; and that, unless restrained, they will defeat Veal's occupancy of the premises and sale of American Oil Company products. The original order, signed by the court at the time the petition was filed, restrained the defendant from doing any and all things complained of in the petition, and the order excepted to continued that original order in force for the period stated therein. *Held*:

The plaintiffs in error in the cross-bill, in their argument before this court and in their brief state that, after the order of the court, the defendant Riner gave the plaintiff Veal sixty days' notice to vacate prior to September 1, 1958; that thereafter they went into possession peacefully on their own, and, "Since September 1, 1958, plaintiffs in error have been in complete and peaceful possession of the filling station property, Riner as owner, and Brown as the tenant of Riner under lease, said lease being Exhibit B attached to plaintiffs' petition, and have discontinued the sale of American Oil Company products and have discontinued the purchase of said products from Thomas E. Veal, as distributor, and have

not replaced the signs and other personal property of American Oil Company and Thomas E. Veal, which were removed prior to the service of the original restraining order on June 11, 1958, and are now selling another brand of gasoline at said station." This statement has not been controverted by defendants in error in the cross-bill; so, under authority of Code § 24-3618, the case will be decided on the basis of the truth of the statement. It appearing that, since the judgment of the court in this case, the defendants have done all that was sought to be enjoined, no supersedeas having been granted, all issues have become moot, and this court will therefore dismiss the writ of error in the main bill without prejudice to any other rights of the orignal plaintiffs, Veal and American Oil Company. *Henderson* v. *Hoppe,* 103 *Ga.* 684 (30 S. E. 653); *Gallaher* v. *Schneider,* 110 *Ga.* 322 (35 S. E. 321); *Fletcher* v. *Harper,* 135 *Ga.* 404 (1) (69 S. E. 562); *Blackwell* v. *Farrar,* 209 *Ga.* 420 (73 S. E. 2d 203). The interlocutory judgment would not be controlling on the final trial. See *Cox* v. *Zucker,* 214 *Ga.* 44 (1) (102 S. E. 2d 580), where a contrary ruling made in *Sandersville R. Co.* v. *Gilmore,* 212 *Ga.* 481 (93 S. E. 2d 696), was disapproved. The plaintiffs in error in the cross-bill agree to the dismissal of their writ of error, which is dismissed.

*Writ of error in main bill dismissed, and writ of error in cross-bill dismissed. All the Justices concur.*

ARGUED OCTOBER 14, 1958—DECIDED NOVEMBER 7, 1958.

*McMillan, Dukes & McMillan, Walter C. McMillan, Jr., E. T. Averett,* for plaintiffs in error.

*I. L. Evans, D. E. McMaster, N. J. Smith, Ruth Burns,* contra.