VALLECILLO, DEMANDANTE Y APELADO, *v.* VIDAL ET AL., DEMANDADOS Y APELANTES.

No. 3288.—*Visto:* Abril 1, 1924. *Resuelto:* Junio 12, 1924.

SERVIDUMBRE DE VISTAS SOBRE FINCA VECINA.—Si el propietario que construye en la pared de su casa ventanas, balcones u otros voladizos a menos de dos metros de distancia de la propiedad vecina, construye al mismo tiempo un muro que impida las vistas o el registro de ésta, no puede concluirse que se ha violado el artículo 589 del Código Civil.

RESOLUCIÓN de *Charles E. Foote,* J. (Primer Distrito, San Juan)., decretando *injunction* preliminar. *Modificada y confirmada.*

*J. Texidor* y *H. G. Molina,* abogados de los apelantes; *J. Sifre, Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

La corte inferior decretó un *injunction* preliminar ordenando al demandado la suspensión de cierta obra que estaba realizando en una propiedad urbana contigua a la del de-

mandante.   La demanda se funda en el artículo 589 del Có-
digo Civil Revisado y se dirige contra el constructor de la
obra y el propio demandado.

El artículo 589 dice:

"Art. 589.—No se puede abrir ventanas con vistas rectas, ni bal-
cones u otros voladizos semejantes, sobre la finca del vecino, si no
hay dos metros de distancia entre la pared en que se construyan y
dicha propiedad.

"Tampoco pueden tenerse vistas de costado u oblicuas sobre la
misma propiedad, si no hay 60 centímetros de distancia."

La obra que se está construyendo se califica por el de-
mandante de balcón o terraza y el demandado alega que se
trata de un jardín para embellecimiento de su propiedad ur-
bana y su defensa principal estriba además que dada la
forma que se está edificando la misma, no se opone a la dis-
posición del artículo 589, *supra.*

Cualquiera que sea el carácter de la construcción, apa-
rece empezada a una distancia de setenta centímetros de la
línea divisoria de ambas propiedades a partir de la pared
o muro exterior de la obra comenzada.

Asumiendo, sin embargo, que la obra iniciada es un bal-
cón o terraza, se hace físicamente imposible las vistas rec-
tas sobre la finca del demandante una vez levantado el muro
o pared cubriendo en su altura y longitud totalmente el es-
pacio exterior de la construcción.

El demandante apelado sostiene no obstante que la cons-
trucción de la pared en nada afecta la disposición del ar-
tículo 589, *supra.*   Lo principal es la distancia, haya o nó
muro intermedio.   El apelado cita en su apoyo las autori-
dades de Manresa y Scaevola, quienes mantienen puntos de
vista semejantes.   Sin embargo, dentro del comentario que
estos autores hacen al artículo 582 del Código Civil Espa-
ñol, que equivale textualmente al nuestro arriba citado, se
levantan serias dudas acerca de cuál pueda ser la verdadera
aplicación de la ley.

Manresa, al tratar de balcones y voladizos que no tengan vistas rectas y referirse a una opinión parecida a la que sostiene el demandado en su defensa, se decide en un sentido contrario y su razonamiento descansa simplemente en que no hay disposición alguna en el código que autorice tal opinión y porque la distancia no puede dejarse a merced de acontecimientos ulteriores y se ha de fijar al construir las vistas.    4 Manresa, p. 779, 780 (3ª edición).

En cambio Scaevola, aun cuando al final de su argumentación concurre con Manresa, refiriéndose a la posibilidad de existir una pared que impida las vistas, no obstante dice:

"La solución es discutible.  Si la prohibición de edificar obedece a la razón de no inspeccionar el fundo ajeno, no hay temor a tal inspección cuando el dueño del edificio construye el muro, y por tanto parece que no debe subsistir tal restricción, puesto que cesando la causa desaparece el efecto."  Scaevola, vol. 10, p. 499.

La lógica de este razonamiento nos parece la más fuerte. Si la restricción o limitación del código no obedece a otro fin que el de impedir las vistas o el registro de una finca por el vecino, claro es que la distancia legal tiene que prevalecer para poder mantener un propietario vistas rectas sobre la propiedad del predio sirviente, pero a contrario sensu si aparece de la construcción misma que no hay las vistas rectas por existir un muro que las impida, la razón de la ley ha dejado de existir y la distancia es cuestión secundaria.    En este punto Scaevola afirma que el código no distingue y haya o nó muro intermedio lo principal es la distancia.    A esta conclusión llega Scaevola por una interpretación liberal de un precepto restrictivo, pero en buena hermenéutica legal una prescripción de tal naturaleza no se debe interpretar más que de un modo restringido y no se le puede dar un alcance que comprenda materia que claramente resulta sin el propósito mismo que tuvo en cuenta la ley para la restricción que expresamente se establece para la servidumbre de luces y vistas, pues ni siquiera po-

día invocarse el principio de que donde existe la misma situación debe aplicarse igual razón ·de derecho por tratarse de situaciones bien diferentes.

El apelado, sostenido por las autoridades citadas pero quizá alejándose de la verdadera intención que tuvo el legislador, insiste sin embargo en que si no se mantiene la orden de *injunction* ninguna garantía tendría el demandante para que el demandado llevara a su terminación el muro o que después de construido se destruyera, en cuyo caso el demandante se vería obligado a iniciar un nuevo pleito para proteger un derecho que debió ser respetado desde el primer momento. Esta argumentación sería de gran fuerza si el brazo del *injunction* no alcanzara prevenir tales actos futuros. La no terminación de la obra o el derribo de la pared una vez terminada serían contingencias comprendidas implícitamente dentro de la orden ·de *injunction*. Actos de esa naturaleza significarían una desobediencia al auto de *injunction* y si el auto preliminar se convirtiera en perpetuo, el demandado quedaría sujeto en el futuro a tal prevención por este mismo procedimiento en todo lo relativo a que pudiera dejar sin efecto en cualquier tiempo lo prescrito en el art. 589 del Código Civil Revisado.

Por lo expuesto, la orden preliminar de *injunction* de 5 de febrero de 1924 debe ser *modificada* de modo que el demandado pueda continuar sus trabajos siempre y cuando se levante el muro o pared que impida las vistas rectas a la finca del demandante *quedando firme* en cualquier otro caso de los previstos en esta opinión dicha orden de *injunction*.