GERÓNIMO VALLECILLO, demandante y apelante, *v.* TEODORO VIDAL SÁNCHEZ y FRANCISCO VALINES, demandados y apelados.

No. 4784.—*Sometido:* Enero 24, 1930. *Resuelto:* Julio 10, 1930.

*Jaime Sifre Jr., Horacic Franceschi* y *Diego O. Marrero,* abogados del apelante; *Henry G. Molina* y *Pellón & Ayuso,* abogados de los apelados Vidal y Valines, respectivamente.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Gerónimo Vallecillo inició un pleito de *injunction* contra Teodoro Vidal. Se solicitó y obtuvo un auto preliminar. Apeló el demandado, y discutido el caso ampliamente en esta Corte Suprema, se modificó la orden recurrida permitiéndose al demandado continuar sus trabajos siempre que levantara un muro que impidiera las vistas rectas a la finca del demandante. *Vallecillo* v. *Vidal, et al.*, 33 D.P.R. 337.

La cuestión envuelta, y estudiada y resuelta por esta corte en dicho caso fué la de fijar de tal modo el alcance del artículo 589 del Código Civil que prohibe la apertura de ventanas con vistas rectas, de balcones u otros voladizos semejantes, sobre la finca del vecino, si no hay dos metros de distancia entre la pared en que se construyan y dicha propiedad.

A partir del expresado caso quedó establecida en esta jurisdicción. la siguiente jurisprudencia:

"Pueden abrirse ventanas y construirse balcones u otros voladizos semejantes a menos de dos metros de la finca del vecino, siempre que se construya también un muro que impida las vistas rectas o la inspección desde ellos, del fundo ajeno."

Volvió el caso a la corte de distrito y continuó tramitándose hasta resolverse por sentencia definitiva. Al llamarse para juicio aparece de los autos que ocurrió lo que sigue:

"ESTIPULACIÓN

"Llamado el caso a juicio sobre sus méritos las partes anuncian que están listas y que la parte demandante y la parte demandada ambas someten el caso por la misma prueba que se adujo ante la corte en la vista del *injunction pendente litis* que tuvo lugar el día 19 de diciembre de 1923, tal y como aparece del récord taquigráfico expedido por el taquígrafo Sr. José Morales Díaz con fecha febrero 20 de 1924.

"Lcdo. Sifre.—Entendiéndose, desde luego, que además de la prueba testifical la corte considerará la prueba documental, o sea los exhibits, cuyos exhibits se encuentran en el Tribunal Supremo, pero las partes harán una moción de desglose para que el Tribunal Supremo devuelva esos exhibits a esta corte de distrito.

"Ahora realmente lo único que queda para hacer en este tribunal es dictar una sentencia definitiva de acuerdo esta sentencia con los pronunciamientos del tribunal Supremo de Puerto Rico. Si el compañero quiere someter prueba yo no tengo inconveniente. Desde luego que en mi opinión llevaría a la corte a idéntica conclusión a la que llegaría en virtud de los términos de la decisión del Tribunal Supremo en el caso de que se presentara prueba ahora. Con esa adición yo acepto la estipulación.

"Ledo. Molina.—En vista de las manifestaciones de la otra parte. se entiende que él no presenta evidencia?

"Ledo. Sifre.—No señor.

"Ledo. Molina.—Nosotros reproducimos toda la evidencia aportada ante la corte, y como última prueba pedimos a la corte permiso para presentar la declaración del Sr. Vidal, el demandado, sobre el hecho de que después de dictada esta sentencia procedió a levantar la pared exactamente en la forma y manera que él manifestó en su contestación que tenía proyectada y tal como la estaba haciendo, cuando vino el injunction."

En efecto la única prueba presentada fué la declaración del demandado Vidal, que versó sobre el extremo que se indica en la estipulación.

La sentencia de la corte fué declarando que la ley y los hechos estaban a favor de los demandados y en contra del demandante, y, en su consecuencia, desestimando la demanda con imposición de costas y gastos al demandante pero sin incluir en las costas los honorarios de abogado.

No conforme el demandante apeló. En su alegato señala la comisión de tres errores, a saber: 1, al no seguirse como la ley del caso la establecida por la Corte Suprema en *Vallecillo v. Vidal,* 33 D.P.R. 337; 2, al desestimarse en todas sus partes la demanda de *injunction;* y, 3, al imponerse las costas.

Según la opinión que del caso hemos formado, no habrá necesidad de considerar el tercer señalamiento de error. Los dos primeros serán estudiados y resueltos conjuntamente y su resolución llevará consigo la del tercero.

A nuestro juicio, atendidas todas las circunstancias que

concurren, no hay duda alguna que la ley del caso quedó establecida por esta corte en la apelación contra la orden de *injunction* preliminar.

La conclusión es tan clara que no se necesita robustecerla con citas de jurisprudencia. Sin embargo, para mayor ilustración, transcribiremos dos de las que contiene el alegato de la parte apelante. Dicen:

"Es una regla general que la decisión de una corte de apelaciones es la ley del caso en ulteriores procedimientos de una causa seguidos en la corte sentenciadora y en todas las etapas subsiguientes de la acción o procedimiento. La regla es aplicable especialmente cuando la corte de apelaciones ha devuelto la causa con instrucciones específicas respecto a los pasos que debe dar la corte inferior; y tal regla permanece en vigor independientemente de si la decisión de la corte de apelaciones es correcta o errónea, habiéndose dicho que solamente cuando la decisión se considera errónea la doctrina de 'la ley del caso' tiene alguna importancia. La corte inferior no puede oír nuevamente o reconsiderar las cuestiones decididas por la corte de apelaciones, y es su deber seguir la decisión de dicha corte de apelaciones, considerándose sus actuaciones erróneas cuando difieren de tal decisión y no erróneas en este sentido cuando están en armonía con la misma. La regla es, exponiéndola en otra forma, que las cuestiones una vez determinadas por la corte de apelaciones, no pueden, al ser devuelto el caso, ser levantadas o suscitadas nuevamente en la corte inferior." 4 C.J. 1213.

"El abogado de los demandantes en el recurso de error alega que la sentencia de esta corte dictada en el injunction interlocutorio, cuando el caso estuvo aquí anteriormente, no fué una sentencia final sino meramente directiva para la corte inferior, y que aquella corte podía aún hacer caso omiso de ella, y que este tribunal no quedaba obligado por la misma, como una sentencia final en el caso. Ellos admiten que esta corte en el caso de *City of Atlanta* v. *First Methodist Church*, 83 Ga. 448, 10 S.E. 231, había resuelto lo contrario de su contención pero alegaban que aquella decisión era errónea, y solicitaron permiso para reconsiderarla con objeto de que la misma fuera revocada. Se concedió permiso para reconsiderarla en el argumento ante la corte, pero después de una consideración cuidadosa del arriba citado y de otros casos similares que se mencionarán más

adelante, la mayoría de esta corte rehusó revocarla y se decidieron a adherirse a la misma. Esta corte resolvió, en substancia, en dicho caso, que cuando el caso en su totalidad es resuelto, basado en un punto puramente legal, la sentencia es final y no es objeto de reconsideración en dicho caso; . . . Esta ha sido la práctica desde 1870, y, que nosotros sepamos o podamos averiguar consultando nuestras opiniones, las decisiones de esta corte en cuestiones puramente legales sobre injunction interlocutorio, han sido siempre consideradas finales, y como guías del juez sentenciador en el juicio final ante el jurado.'' *Ingram et al.* v. *Trustees of Mercer University et al.,* 29 S.E. 274.

Estudiando la opinión emitida por el juez del distrito para basar la sentencia apelada, creemos, en verdad, que él no quiso separarse de la ley del caso. Parece que deseó aplicarla tomando en consideración que la condición impuesta por el Supremo se había cumplido al construir el demandado el muro que impedía las vistas rectas y la inspección de la finca del demandante desde la terraza del demandado.

Sin embargo hay otras circunstancias a considerar. En el repetido caso de *Vallecillo* v. *Vidal,* 33 D.P.R. 337, 340, dijo esta corte:

''El apelado, sostenido por las autoridades citadas pero quizá alejándose de la verdadera intención que tuvo el legislador, insiste sin embargo en que si no se mantiene la orden de *injunction* ninguna garantía tendría el demandante para que el demandado llevara a su terminación el muro o que después de construído se destruyera, en cuyo caso el demandante se vería obligado a iniciar un nuevo pleito para proteger un derecho que debió ser respetado desde el primer momento. Esta argumentación sería de gran fuerza si el brazo del *injunction* no alcanzara prevenir tales actos futuros. La no terminación de la obra o el derribo de la pared una vez terminada serían contingencias comprendidas implícitamente dentro de la orden de *injunction.* Actos de esa naturaleza significarían una desobediencia al auto de *injunction* y si el auto preliminar se convirtiera en perpetuo, el demandado quedaría sujeto en el futuro a tal prevención por este mismo procedimiento en todo lo relativo a que pudiera dejar sin efecto en cualquier tiempo lo prescrito en el artículo 589 del Código Civil Revisado.

"Por lo expuesto, la orden preliminar de *injunction* de 5 de febrero de 1924 debe ser *modificada* de modo que el demandado pueda continuar sus trabajos siempre y cuando se levante el muro o pared que impida las vistas rectas a la finca del demandante *quedando firme* en cualquier otro caso de los previstos en esta opinión dicha orden de *injunction.*"

No puede negarse que fué a virtud del *injunction* que se interpretó el artículo 589 del Código Civil, y que la construcción del muro por parte del demandado durante el litigio, de poderse tener en cuenta, debe serlo bajo la base de haberse realizado en obediencia de la orden de *injunction* preliminar modificada en tal sentido en la apelación, pero dejándola subsistente en los demás extremos.

Por eso creemos que tiene razón el apelante cuando dice en su alegato:

"Es decir que el Tribunal sentenciador debió haber dictado una sentencia definitiva reconociendo el derecho del demandado a mantener en pie la terraza o balcón, imponiéndole como condición la obligación de mantener en pie la pared que impidiera las vistas y reconociendo al mismo tiempo el derecho del demandante a exigir el cumplimiento en todo tiempo de esta obligación, sin necesidad de tener que iniciar ningún otro pleito en el caso de incumplimiento, ni a recurrir a ningún otro procedimiento, que fué exactamente lo que hizo este Hon. Tribunal Supremo al resolver en cuanto al auto preliminar de injunction . . . . . .

"Tal como ha sido dictada la sentencia definitiva, el demandado no estaría desobedeciéndola si en el futuro derribara la pared y el demandante estaría huérfano de toda protección dentro de este mismo procedimiento."

*Debe revocarse la orden recurrida y en su lugar dictarse otra permitiendo al demandado mantener su terraza, siempre que mantenga de igual modo en pie el muro que ha levantado y que impide las vistas rectas y la inspección de la finca del demandante, desde la terraza, todo sin especial condenación de costas.*

*El Juez Asociado Señor Texidor no intervino.*